983 F.2d 107
 Gentry SLONE, Appellee,
v.
Paul D. HERMAN; Cranston Mitchell, Chairman, Board of
Probation and Parole; Michael Finkelstein, General Counsel,
Missouri Department of Corrections; Anthony Gawienowski,
Former Deputy General Counsel Missouri Department of
Corrections, Appellants.
 No. 92-1459.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 18, 1992.
Decided Jan. 4, 1993.
Rehearing Denied Feb. 5, 1993.
 
 Gary L. Gardner, Asst. Atty. Gen., Jefferson City, MO, argued, for appellants.
 Arthur A. Benson, II, Kansas City, MO, argued (Jamie Kathryn Lansford, on brief), for appellee.
 Before JOHN R. GIBSON, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 BOWMAN, Circuit Judge.
 
 
 1
 Gentry E. Slone brought this civil rights action under 42 U.S.C. § 1983 (1988) alleging that the defendants, Paul D. Herman, Chief Probation and Parole Supervisor of the Board of Probation and Parole of the Missouri Department of Corrections; Cranston J. Mitchell, Chairman of the Board of Probation and Parole; Michael H. Finkelstein, General Counsel to the Department of Corrections; and Anthony M. Gawienowski, former Deputy General Counsel to the Department of Corrections, violated several of Slone's constitutional rights by not releasing him from prison after the sentencing court ordered his release.[1] Defendants appeal from the District Court's[2] denial of their motion for summary judgment on the ground of qualified immunity. We affirm.
 
 
 2
 Slone was convicted in the Circuit Court of Jackson County, Missouri, of armed criminal action and assault. He was sentenced to a prison term of three years for each offense, the sentences to be served concurrently, and was taken into the custody of the Department of Corrections. Later, on November 21, 1989, the sentencing judge, Circuit Judge William W. Ely, entered an order pursuant to Missouri Revised Statute § 217.775 (Supp.1989) (powers of court to grant probation even after convicted person is delivered into custody). This order suspended Slone's sentence effective December 21, 1989, and placed him on probation for five years. Judgment and Sentence of Nov. 21, 1989. The statute allows the state to request a hearing "within ten days of receipt of the court's notification that the court intends to grant probation," Mo.Rev.Stat. § 217.775(3), but defendants did not request a hearing. Judge Ely's order thus became final, and although it apparently was appealable under Missouri Rule 30.01(d), which requires that any notice of appeal from such an order be filed within ten days after it is final, no appeal was taken. Judge Ely's order thus became both final and nonappealable on December 11, 1989.
 
 
 3
 On December 19, 1989, defendant Herman wrote a letter to Judge Ely stating that the Department of Corrections, after discussing the case with its counsel, had decided not to release Slone because it did not believe the Missouri statutes authorized his release. Judge Ely responded that Slone's release was indeed authorized and that he expected the Department to execute his order. The ten-day period to appeal Judge Ely's order already having expired, defendants pursued an informal stay, a writ of prohibition, and a motion to vacate, all of which were denied. Finally, on August 17, 1990, nearly eight months after Slone should have been released pursuant to Judge Ely's order, Judge Ely convened a hearing in his courtroom. As directed by Judge Ely, Slone was brought to the hearing, and Judge Ely thereupon ordered him released as provided in the judge's November 21, 1989 order. After Slone's release, he brought this action.
 
 
 4
 Initially, we note that this Court has jurisdiction over this appeal. A denial of a motion for summary judgment is not a final judgment, and therefore it ordinarily is not appealable. Wright v. South Ark. Regional Health Ctr., Inc., 800 F.2d 199, 202 (8th Cir.1986). In Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), however, the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." This exception exists because qualified immunity provides "immunity from suit rather than a mere defense to liability [and] is effectively lost if a case is erroneously permitted to go to trial." Id. at 526, 105 S.Ct. at 2815 (emphasis in original). Qualified immunity is an affirmative defense, so defendants have the burden of pleading and proving the defense. Harris v. Pirch, 677 F.2d 681, 686 (8th Cir.1982).
 
 
 5
 We review a grant of summary judgment de novo. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir.1992). The trial court, and this Court on appeal, apply the same standard: whether the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Thus, defendants not only have the burden of pleading and proving their defense, but the facts must be taken in the light most favorable to Slone.
 
 
 6
 Generally, prison officials may rely on the defense of qualified immunity to protect them from liability for civil damages. Brown v. Frey, 889 F.2d 159, 165 (8th Cir.1989), cert. denied, 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990). In Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court held that, in order for officials to lose their qualified immunity, their conduct must violate "clearly established statutory or constitutional rights of which a reasonable person would have known." The test "focuses on the objective legal reasonableness of an official's acts." Id. at 819, 102 S.Ct. at 2739. The immunity defense should fail if the official violates a clearly established right because "a reasonably competent public official should know the law governing his conduct." Id.
 
 
 7
 Therefore, the first step in our analysis must be to determine whether Slone had a clearly established statutory or constitutional right. In Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987), the Supreme Court stated that, in order for a person to have a clearly established right, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Also, if the official can show "extraordinary circumstances" and can demonstrate that the law defining the violation was unknown and unknowable, he will be entitled to immunity for his actions. Harlow, 457 U.S. at 819, 102 S.Ct. at 2738. Defendants argue that Slone did not have a clearly established right to his freedom because the law concerning Judge Ely's power to issue the November 21 order was not clear. Without going into a legal analysis of whether Judge Ely's order was clearly authorized under Missouri law, we note that defendants' argument misses the point. The correct inquiry is whether Slone had a clearly established right to be released from prison once Judge Ely's order became final and nonappealable, not whether Judge Ely's order was based on clearly established law.
 
 
 8
 We conclude that when Judge Ely's order suspending Slone's sentence became final and nonappealable, the state lost its lawful authority to hold Slone. Therefore, any continued detention unlawfully deprived Slone of his liberty, and a person's liberty is protected from unlawful state deprivation by the due process clause of the Fourteenth Amendment. See McNeil v. Director, Patuxent Inst., 407 U.S. 245, 246, 92 S.Ct. 2083, 2085, 32 L.Ed.2d 719 (1972); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985), cert. denied, 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986). Moreover, contrary to defendants' misplaced assertions, Slone's liberty interest was clearly established because it was based on a final and nonappealable court order. Whether or not defendants agreed with the order or thought that it was lawful does not diminish Slone's liberty interest or make his liberty interest less clear. Furthermore, we can find no "extraordinary circumstances" which excuse defendants' refusal to follow Judge Ely's order.
 
 
 9
 Since Slone had a clearly established liberty interest in being freed from prison, we now must look to the objective reasonableness of defendants' actions in depriving Slone of this right. In Anderson, the Supreme Court addressed the reasonableness of a Federal Bureau of Investigation agent's actions in a case involving the warrantless search of plaintiff's home in search of a fugitive. The Court stated that the agent was entitled to qualified immunity if, "in light of the clearly established principles governing warrantless searches, he could, as a matter of law, reasonably have believed that the search of [plaintiff's] home was lawful." Anderson, 483 U.S. at 641, 107 S.Ct. at 3040. In the case at hand, the difficulty of defendants' position is apparent since they must argue that they are entitled to summary judgment if, in light of clearly established principles governing prison officials' duty to obey final and nonappealable court orders, they could, as a matter of law, reasonably have believed that refusing to release Slone as ordered by the court was lawful.
 
 
 10
 Defendants argue that they reasonably believed their actions were lawful and that they have qualified immunity because Judge Ely did not have the power to release Slone. We reject this argument. Defendants were entitled to request a hearing and to appeal Judge Ely's order suspending Slone's sentence. Having failed to challenge Judge Ely's order at the proper time, defendants' present argument concerning the legality of that order is improper and irrelevant. It was not objectively reasonable for defendants to deny Slone his freedom because they disagreed with a court order that had become final and nonappealable because the time for challenging it had expired.
 
 
 11
 Defendants also argue that it was within their official discretion to retain Slone in confinement. We disagree. Once Judge Ely issued his order, it was within the officials' discretion to request a hearing and to appeal that order. When they failed to appeal the order, they no longer had any discretion over what to do with Slone; defendants were bound by a final and nonappealable court order to release him.
 
 
 12
 Next, defendants contend that they are entitled to qualified immunity because they did not ignore the court order but initially sought an informal stay of the order. We disagree. This argument attempts to instill a good faith element into the qualified immunity defense, but "[a] defendant's good faith or bad faith is irrelevant to the qualified immunity inquiry.... [T]he standard is one of 'objective reasonableness.' " Burk v. Beene, 948 F.2d 489, 494 (8th Cir.1991) (quoting Malley v. Briggs, 475 U.S. 335, 344, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986)). Furthermore, every belated move that defendants made in their efforts to overturn Judge Ely's order could have been made whether or not Slone remained in prison. We are satisfied that defendants' actions seeking to overturn Judge Ely's order, taken after the ten days to appeal that order had expired, did not make their refusal to free Slone objectively reasonable.
 
 
 13
 Finally, defendants Herman and Mitchell contend that they are protected by qualified immunity because they consulted with counsel, defendants Finkelstein and Gawienowski, and followed counsel's advice. The record is not clear, however, as to exactly what counsel's advice was and when it was given. It appears that defendants Finkelstein and Gawienowski agreed with defendants Herman and Mitchell that Judge Ely's order was not lawful. Thus it would have been reasonable for counsel to research the issue and request a hearing within ten days of the order as required by the statute. When no hearing was requested and no appeal was filed, there remained only one objectively reasonable action for defendants to take: to release Slone as ordered by the court. Counsel's advice that Judge Ely's order was not lawful does not immunize defendants Herman and Mitchell from liability for disobeying that order once the order became final and they did not file an appeal. A reasonably competent official should know that it is not lawful to disobey a final and nonappealable court order.
 
 
 14
 In conclusion, we find that Slone had a clearly established right to be released from prison on December 21, 1989, and that the defendants unreasonably violated that right when they refused to obey Judge Ely's order after it had become final and nonappealable. We therefore conclude that defendants are not entitled to the defense of qualified immunity.
 
 
 15
 The District Court's denial of defendants' motion for summary judgment on the ground of qualified immunity is affirmed, and the case is remanded to the District Court for trial.
 
 
 
 [1]
 The complaint also alleges a state claim for false imprisonment
 
 
 [2]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri