**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL KONDROSKY,
Plaintiff-Appellant,

v.

DAN PIERCE, Sergeant,

Defendant-Appellee,

No. 95-6695

and

CARL R. PEED, Sheriff,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-94-1460-A)

Argued: March 8, 1996

Decided: April 29, 1996

Before ERVIN and NIEMEYER, Circuit Judges, and YOUNG,
Senior United States District Judge for the District of Maryland,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Daniel Mark Zavadil, THE LAW OFFICE OF DAN-
IEL M. ZAVADIL, P.C., Arlington, Virginia, for Appellant. John J.

Brandt, SLENKER, BRANDT, JENNINGS & JOHNSTON, Merri-field, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Kondrosky filed suit against Sergeant Daniel Pierce under 42 U.S.C. § 1983. The district court granted Pierce's Motion for Summary Judgment and Kondrosky appealed. Finding that Pierce is protected by qualified immunity, we affirm.

I.

Michael Kondrosky was arrested for driving under the influence of alcohol in the early morning hours of September 9, 1994, and was kept in a holding cell at the Mount Vernon Police Station for approximately four hours until it was safe for him to return home. Following the arrest Kondrosky pled guilty to reckless driving and received a 60-day sentence with 59 days suspended. The Fairfax County District Court ordered that credit was to be given for time spent in the holding cell, satisfying the one-day sentence. However, upon his arrival at the Fairfax County Detention Center, Kondrosky was informed he would be required to serve a one-day sentence because the applicable statute provided that credit will be granted only for pre-trial confinement in a state or local correctional facility, a state hospital, or a juvenile detention facility. See Va. Code § 53.1-187. The Mount Vernon holding cell did not qualify as a correctional facility as defined in the statute. Kondrosky protested this action and sought an amended order directing that credit should be given. However, Sergeant Daniel Pierce, supervisor of booking at the detention center, refused to credit time spent in a holding cell and did not release Kondrosky until midnight, eight hours after he was booked into the facility.

2

II.

Public officials who perform discretionary activities are entitled to qualified immunity from civil damages if their conduct does not violate clearly established statutory or constitutional rights which a reasonable person should have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, qualified immunity turns on whether the public official could reasonably have believed the challenged conduct was lawful. See Anderson v. Creighton, 483 U.S. 635, 638-39 (1987).

Processing individuals for incarceration or release according to the terms of court orders does not generally involve the exercise of discretion. However, Pierce had to reconcile the court order and the Virginia Code to determine the length of Kondrosky's sentence. While it is somewhat repetitive to say that any uncertain situation involves the exercise of discretion, a public official implementing a facially invalid court order should not be held liable if his actions otherwise meet the test for qualified immunity.

Once this threshold is met, the first step in the analysis is to determine whether Kondrosky's allegations establish that Pierce violated a right, and whether that right was clearly established. Kondrosky refers to a constitutional right to credit for pretrial jail time, predicated on the Fifth Amendment prohibition against double jeopardy. See Durkin v. Davis, 538 F.2d 1037 (4th Cir. 1976). However, this right is designed to avoid discrimination between those who can make bail and those who cannot. See, e.g., Ange v. Paderick, 521 F.2d 1066, 1068 (4th Cir. 1975). It is inapplicable in this case because Kondrosky was detained for his and the public's protection, not for an inability to make bail.

The most viable allegation is that Pierce deprived Kondrosky of his procedural due process rights by detaining him in excess of the time required by his sentence. The court order memorializing the plea agreement provided that Kondrosky would be at liberty at the end of the day. See also Baker v. McCollan, 443 U.S. 137, 144 (1979) (wrongful detention is a deprivation of liberty). The remaining question is what process Kondrosky was due. In Parrat v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, 474 U.S. 327 (1986),

3

the Supreme Court held that a post-deprivation remedy under state tort law was sufficient due process of law to negate a section 1983 claim for negligent handling of a prisoner's mail. The Parrat Court emphasized that a pre-deprivation hearing was impossible because the mishandling was unauthorized and unpredictable. In Zinermon v. Burch, 494 U.S. 113 (1990), the Court extended the Parrat doctrine to deprivations of liberty, but held that the availability of a claim for false imprisonment did not block a section 1983 action against state mental hospital staff because the state had an involuntary placement procedure that provided pre-deprivation process.

In the instant case a pre-deprivation hearing was possible. Indeed, the order of the Fairfax Circuit Court established a procedure that Pierce was to follow if he wanted to change the length of detention. Thus Kondrosky did allege a violation of his Constitutional rights. This conclusion is supported by a review of circuit court decisions that analyze whether prison officials properly determined the release date of prisoners. Cf. Calhoun v. New York State Div. of Parole Officers, 999 F.2d 647 (2nd Cir. 1993) (parole officers who held inmate five days beyond original maximum expiration date without a hearing violated inmate's due process rights); Slone v. Herman, 983 F.2d 107 (8th Cir. 1993) (prison official who refused to release inmate after court order suspended sentence violated inmate's due process rights); Sample v. Diecks, 885 F.2d 1099 (3rd Cir. 1989) (incorrect computation of release date without a hearing violated inmate's due process rights); Haygood v. Younger , 769 F.2d 1350 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986) (incorrect computation that prolonged detention without a hearing violated inmate's due process rights). But cf. Toney-El v. Franzen, 777 F.2d 1224 (7th Cir. 1985), cert. denied, 476 U.S. 1178 (1986) (error in calculating release date did not violate inmate's due process rights).

Assuming arguendo that this due process right was in fact clearly established at the time of the incident, we next consider the second step in the qualified immunity analysis and view Pierce's conduct from an objective viewpoint. Pierce had a duty to follow the Virginia Code, which prohibited crediting time spent in a holding cell. See Va. Code § 53.1-187. The record also reflects that there was an ongoing controversy on this issue. When the local court credited time spent in the Mount Vernon holding cell, Pierce's superiors approved disre-

4

garding such orders in favor of following the Code. Pierce had done so without apparent penalty. In this unusual factual context, a reasonable person in Pierce's position could have thought that refusal to credit Kondrosky's one-day sentence for time spent in a holding cell was not illegal. See Woods v. City of Michigan City, Indiana, 940 F.2d 275, 280-81 (7th Cir. 1991) (holding that police officers were entitled to qualified immunity where Indiana law conflicted with bond schedule issued by a state judge).

For the foregoing reasons Pierce acted reasonably and he is entitled to qualified immunity. The judgment of the district court is

AFFIRMED.

5