The plaintiffs, James N. Grant and his wife, Barbara A. Grant, appeal from the dismissal of those portions of their complaint claiming damages for an alleged wrongful termination of employment. We affirm.
The plaintiffs alleged in their complaint that the defendants, Howard Butler, Mary Jane Butler, Jack Butler, and Butler Imports, Inc. (all hereintogether referred to as "the company"), wrongfully terminated their employment because they had reported certain hazardous conditions that existed in the company's Huntsville warehouse to the Huntsville Fire Department and to the Occupational Safety and Health Administration ("OSHA"). The plaintiffs sought to recover both compensatory and punitive damages in tort for the alleged bad faith breach of an implied "covenant of good faith and fair dealing" (count three) and for the alleged denial "of [their] right to act in the interest of public health, safety, and welfare" (count four).[1] In essence, the plaintiffs sought to recover damages in tort under the theory that the defendants had acted in bad faith in terminating their employment or, in the alternative, under the theory that the termination of their employment was in contravention of the public policy of this state. As to counts three and four, the trial court granted the defendants' Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss, ruling that those counts failed to state claims that were cognizable under Alabama law. This appeal followed.
The standard by which the plaintiffs' complaint in this case must be reviewed is well established:
 " 'It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie of Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 " 'Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57
(Ala. 1982).' "
Greene County Board of Education v. Bailey, 586 So.2d 893 (Ala. 1991), quoting *Page 256 Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985). (Emphasis added.)
Although every contract contains either an express or an implied covenant that the parties will act in good faith in performing the contract, in Alabama only insurance contracts give rise to a duty imposed by law on which a tort claim for bad faith performance can be based. We have consistently declined in the past, and we decline again today, to extend to the area of general contract law the tort of bad faith that we have recognized in the context of insurance contract cases. SeeHarrell v. Reynolds Metals Co., 495 So.2d 1381, 1388 (Ala. 1986). Because the plaintiffs in this case sought to recover in tort under Alabama law for the bad faith breach of their employment contract, the trial court properly dismissed count three.
The employee-at-will doctrine, first recognized in this state 100 years ago in Howard v. East Tennessee, V. G. Ry., 91 Ala. 268,8 So. 868 (1891), provides that an employment contract terminable at the will of either the employer or the employee may be terminated by either party at any time with or without cause. Through the years, this Court has steadfastly declined to modify the employee-at-will doctrine by recognizing a cause of action sounding in tort for the wrongful termination of an employment contract when the employer's actions were in contravention of this state's public policy, but has chosen, instead, to rely upon legislative action to ameliorate some of the harshness of the employee-at-will doctrine. See, e.g.,McClain v. Birmingham Coca-Cola Bottling Co., 578 So.2d 1299
(Ala. 1991); Salter v. Alfa Ins. Co., 561 So.2d 1050 (Ala. 1990), and the cases cited therein. Concurring specially inSalter, Chief Justice Hornsby, joined by Justice Shores, most eloquently made the case for the judicial creation of a public-policy-based remedy for employees who may be subjected to "employment blackmail" for doing or not doing certain acts. He aptly noted that "[i]t is beyond question that the employment-at-will rule allows employers to effectively pressure employees to commit wrongful or illegal acts through the threat of dismissal for not complying with the employee's demands." 561 So.2d at 1055. However, all of the Justices who voted in Salter recognized that Salter did not present facts that would justify the creation of a "public policy exception" to the employee-at-will doctrine.
The plaintiffs insist that the facts of the present case would support the creation of a public-policy-based remedy, such as the one discussed by Chief Justice Hornsby inSalter. Although we recognize that it may become necessary for this Court to adopt a limited public-policy-based tort remedy for wrongfully terminated employees, this case, like Salter, does not present facts that would justify the judicial creation of such a remedy. Faced with the question whether it should create a new tort remedy for employees who were terminated by their employers for reporting hazardous conditions in the workplace, the Supreme Court of Oregon, in Walsh v.Consolidated Freightways, Inc., 278 Or. 347, 563 P.2d 1205,1208-09 (1977), held:
 "In Nees v. Hocks, 272 Or. 210, 536 P.2d 512
(1975), we held that the community's interest in having citizens serve on juries was sufficiently great that employers could not be allowed to discharge employees solely for refusing to ask to be excused from jury duty. Because no other remedy existed for the wrongfully discharged employee, we allowed the employee to recover compensatory damages in tort.
 "Although the situation in this case is similar, there is one decisive difference. It is true, of course, that the community has a strong interest in maintaining safe working conditions. That interest has been expressed in both state and federal statutes. See, e.g., ORS 654.001 et seq.; 29 U.S.C. § 660(c) (1970); 29 C.F.R. § 1977.9(c) (1975). Correspondingly, we would agree that employers should not be allowed to discharge employees solely for complaining about safety problems. However, unlike the situation in Nees, an employee who is discharged because he complained of a safety violation is provided a remedy under existing law for his wrongful discharge.
 "Pursuant to 29 U.S.C. § 660(c), an employee who feels he has been discharged for reporting a safety or health *Page 257 
violation can file a complaint with the Department of Labor within 30 days of his discharge and the Department will then investigate the charge. Under the statute, the Department is authorized to bring an action in federal district court if it finds that the employee has been wrongfully discharged, and the court can order 'all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.'
 "We feel that existing remedies are adequate to protect both the interests of society in maintaining safe working conditions and the interests of employees who are discharged for complaining about safety and health problems. We also note that ORS 654.062(5) now provides a similar remedy under state law although, admittedly, these provisions were not in effect at the time of the conduct in question. Therefore, we find it unnecessary to extend an additional tort remedy to cover this kind of situation."
We find the rationale of the Supreme Court of Oregon to be persuasive. In the present case, the plaintiffs had an adequate remedy under the anti-retaliation provision of the Occupational Safety and Health Act, 29 U.S.C. § 660(c), which provides:
 "(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter.
 "(2) Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary [of Labor] alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, he shall bring an action in any appropriate United States district court against such person. In any such action the United States district courts shall have jurisdiction, for cause shown, to restrain violations of paragraph (1) of this subsection and order all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay.
 "(3) Within 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection."[2]
This remedy is adequate to protect both the public's interest in maintaining safe conditions in the workplace (i.e., the protections afforded employees under the statute encourage employees to report safety and health violations to OSHA, which is charged with the responsibility of investigating those reports, eliminating any violations, and, if necessary, punishing employers for those violations in accordance with federal law) and the interests of employees who are discharged for complaining to OSHA about safety and health problems in the workplace (i.e., the statute provides for "all appropriate relief including rehiring or reinstatement of the employee to his former position with back pay"). Therefore, we find it unnecessary to create a new tort remedy to cover this kind of situation. Accordingly, we conclude that the trial court properly dismissed count four.
For the foregoing reasons, the judgment dismissing counts three and four is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES and KENNEDY, JJ., concur.
MADDOX, J., concurs in the result.
[1] The plaintiffs' complaint also claimed damages for breach of contract, and that claim remains pending below. The trial court certified its judgment dismissing counts three and four as final pursuant to Rule 54(b), Ala.R.Civ.P.
[2] The record does not indicate whether the plaintiffs sought a remedy under this federal statute. *Page 258