Isaac N. PAHK, Plaintiff,

v.

State of HAWAII; Max Otani, Individually and in his capacity as parole supervisor, Oahu Parole Section; Alfred K. Beaver, Sr., Individually and in his capacity as chairman of the Hawaii Paroling Authority; and Doe Defendants 1–20, Defendants.

No. CIV.99–00849SOM/LEK.

United States District Court, D. Hawai'i.

July 25, 2000.

Gary Levitt, Honolulu, HI, for Plaintiff.

Kendall J. Moser, Office of the Attorney General–State of Hawaii, Honolulu, HI, for Defendants.

*ORDER DISMISSING SECTION 1983 CLAIMS AGAINST THE STATE OF HAWAII AND OTANI AND BEAVER IN THEIR OFFICIAL CAPACITIES; ORDER REMANDING TORT CLAIMS AGAINST THE STATE OF HAWAII AND OTANI AND BEAVER IN THEIR OFFICIAL CAPACITIES; ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO ALL CLAIMS AGAINST OTANI AND BEAVER IN THEIR INDIVIDUAL CAPACITIES*

MOLLWAY, District Judge.

## I. INTRODUCTION.

This case is before this court on removal from the First Circuit Court of the State of Hawaii. Plaintiff Isaac N. Pahk ("Pahk") alleges that the Hawaii Paroling Authority ("HPA") discharged him from parole, then continued to treat him as if he were still on parole. He says that the HPA, without notice or a hearing, improperly rescinded his discharge. Thereafter, he was taken back into custody for a parole violation. Pahk's Complaint asserts violations of federal law cognizable under section 1983, as well as state tort claims. He seeks compensatory and punitive damages.

The Defendants named in Pahk's Complaint are the State of Hawaii, HPA parole administrator Max Otani ("Otani"), and HPA chairman Alfred K. Beaver ("Beaver") (collectively "Defendants"). Otani and Beaver are sued in their individual and official capacities. Pursuant to Rule 12(c), Defendants have moved for judgment on the pleadings.

To the extent Pahk brings his claims against the State of Hawaii for violations of federal law pursuant to section 1983 and for violations of state law, Defendants' motion is granted. The State of Hawaii has Eleventh Amendment immunity from those claims, which are therefore dismissed pursuant to Rule 12(b)(1).[1]

1. Although Defendants' motion is brought un- der Rules 12(c), this court reviews claims

To the extent Pahk brings his claims against Otani and Beaver in their official capacities, Defendants' motion is granted. Otani and Beaver, acting in their official capacities, have Eleventh Amendment immunity from Pahk's claims. Accordingly, all claims against Otani and Beaver in their official capacities are dismissed pursuant to Rule 12(b)(1).

To the extent Pahk asserts claims against Otani and Beaver in their individual capacities, the motion is denied. Although Otani and Beaver argue that they are immune even in their individual capacities, this court cannot determine, given the allegations of the Complaint, that they are indeed immune.

## II. BACKGROUND FACTS.

Pahk alleges that he was a parolee supervised by HPA. Complaint ¶ 7. He says that, on or about January 25, 1995, he was discharged from parole. *Id.* ¶ 10. He claims that he was not notified of that discharge. *Id.* ¶ 11. Pahk alleges that, on or about February 21, 1996, Defendants rescinded that discharge, again without notice to him.

Pahk was then once again treated as a parolee and was allegedly subjected to random drug testing. *Id.* ¶ 31. Apparently because he failed a drug test, he was arrested, found to have violated parole, and taken back into custody on December 30, 1997, pursuant to an HPA warrant for a parole violation. *Id.* ¶ 12. He states that he remained in custody until February 27, 1998, when he was finally released. *Id.* ¶ 13. He claims not to have known about the January 25, 1995 discharge until on or about February 18, 1998, a few days before his final release from prison. Complaint ¶ 14.

The Complaint asserts claims for negligence (Count I), negligent and/or intentional infliction of emotional distress (Count II), false imprisonment (Count III), false arrest (Count IV), involuntary servitude in violation of the Thirteenth Amendment (Count V), illegal search and seizure in violation of the Fourth Amendment (Count VI), violation of 42 U.S.C. § 1983 (Count VII),[2] and punitive damages as to Otani and Beaver (Count VIII).

## III. STANDARDS.

### A. Motion to Dismiss Standard.

▉ A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or may attack the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir.1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.[3] *Federation of African Amer. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir.1996).

against the Defendants in their official capacities under Rule 12(b)(1) of the Federal Rules of Civil Procedure. This court lacks jurisdiction over those claims given Defendants' Eleventh Amendment immunity. *In re Jackson,* 184 F.3d 1046, 1048 (9th Cir.1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte"); *see also B.C. v. Plumas Unified Sch. Dist.,* 192 F.3d 1260, 1264 (9th Cir.1999) ("federal courts are required sua sponte to examine jurisdictional issues").

2. Although the Complaint separates the federal constitutional claims from the section 1983 claims, Pahk conceded at the hearing on this motion that Counts V and VI are only cognizable under section 1983. Section 1983, for its part, requires an underlying violation of federal law and is not by itself a statute that can be violated.

3. Pahk has the burden of proving that jurisdiction does in fact exist. *Thornhill,* 594 F.2d at 733. Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Rosenbaum v. Syntex Corp.,* 95 F.3d 922, 926 (9th Cir.1996).

When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Thornhill,* 594 F.2d at 733. The present motion attacks the allegations of Pahk's Complaint as being insufficient to confer upon the court subject matter jurisdiction.

B. *Judgement on the Pleadings Standard.*

Rule 12(c) states:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The standard governing a Rule 12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. The motion will be granted if, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Lake Tahoe Watercraft Recreation Association v. Tahoe Regional Planning Agency,* 24 F.Supp.2d 1062, 1066 (E.D.Cal.1998). For a Rule 12(c) motion, the allegations of the nonmoving party must be accepted as true, while any allegations made by the nonmoving party that have been denied are assumed to be false. *Hal Roach Studios v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1989). Judgment on the

pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Id.* However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. *Id.*

IV. *ANALYSIS.*

A. *The Eleventh Amendment Bars Pahk's Claims Against the State of Hawaii, as well as Otani and Beaver in Their Official Capacities.*

Under the Eleventh Amendment, a state is immune from suit brought in federal court by its own citizens or citizens of other states. *Papasan v. Allain,* 478 U.S. 265, 275, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Federal court actions against agencies or instrumentalities of a state are also barred by the Eleventh Amendment. *Shaw v. State of Cal. Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 603 (9th Cir.1986). A suit against state officials, in their official capacities, is the same as a suit against the state itself and therefore is subject to the Eleventh Amendment. *Kentucky v. Graham,* 473 U.S. 159, 166–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

Unless the state unequivocally waives sovereign immunity or Congress exercises its power under the Fourteenth Amendment to override the immunity, the state, its agencies, and its officials (acting in their official capacities) are immune from suit under the Eleventh Amendment.[4] *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Pennhurst,* 465 U.S. at 99, 104 S.Ct. 900.

---

**4.** Defendants' removal of this case to this court does not in itself establish such an unequivocal waiver, especially when, as here, Defendants reserved the immunity defense in their notice of removal. *Office of Hawaiian Affairs v. Department of Educ.,* 951 F.Supp.

1484, 1491–92 (D.Haw.1996); In this case, the Notice of Removal states that Otani and Beaver are not waiving their immunity defense. At the hearing, Defendants clarified that the notice of Removal was also intended

1. *The Court Dismisses Claims Against the State of Hawaii and Against Otani and Beaver in Their Official Capacities Alleging Involuntary Servitude in Violation of the Thirteenth Amendment and Illegal Search and Seizure in Violation of the Fourth Amendment, Cognizable under 42 U.S.C. § 1983 (Counts V, VI, and VII).*

■ Pahk complains that Defendants violated two constitutional amendments made actionable under section 1983. To the extent these claims are made against the State of Hawaii, as well as Otani and Beaver in their official capacities, the claims are barred by the Eleventh Amendment.[5] *Will,* 491 U.S. at 71, 109 S.Ct. 2304 (neither a state nor its officials acting in their official capacities are considered "persons" for purposes of section 1983). Congress has not exercised its authority to override Hawaii's Eleventh Amendment immunity from section 1983 suits against a state and its officials acting in their official capacities. *Office of Hawaiian Affairs v. Department of Educ.,* 951 F.Supp. 1484, 1492 (D.Haw.1996) (section "1983 does not abrogate state immunity under the Eleventh Amendment").

■ Accordingly, the court, on Eleventh Amendment immunity grounds, dismisses Pahk's claims to the extent they are asserted against the State of Hawaii, as well as against Otani and Beaver in their official capacities.[6] This court lacks subject matter jurisdiction over these claims. *Blue v. Widnall,* 162 F.3d 541, 544 (9th Cir.1998) ("Whether the government waives its sovereign immunity is a question of subject matter jurisdiction") (citing *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)); *Charley's Taxi Radio Dispatch v. SIDA of Hawaii,* 810 F.2d 869, 873 n. 2 (9th Cir. 1987) ("Like a jurisdictional bar and unlike a traditional immunity, however, the effect of the Eleventh Amendment must be considered *sua sponte* by federal courts"); *but see Hill v. Blind Indus. and Servs. of Maryland,* 179 F.3d 754, 760, *amended,* 201 F.3d 1186 (9th Cir.2000) (noting that Eleventh Amendment immunity is not to be analyzed under the rubric of subject matter jurisdiction because it is waivable). Because states are not persons for purposes of section 1983, Pahk's claims for involuntary servitude in violation of the Thirteenth Amendment and illegal search and seizure in violation of the Fourth Amendment, cognizable under 42 U.S.C. § 1983 (Counts V, VI, and VII) could not have been brought in either state or federal court. Accordingly, those claims are dismissed. *See Office of Hawaiian Affairs,* 951 F.Supp. at 1489–90.

2. *Pahk's Claims Against Otani and Beaver in Their Official Capacities for Negligence (Count I), Negligent and/or Intentional Infliction of Emotional Distress (Count II), False Imprisonment (Count III), and False Arrest (Count IV) Are Remanded to State Court.*

■ Pahk's tort claims against the State of Hawaii, as well as his tort claims

to state that the State of Hawaii was not waiving its Eleventh Amendment immunity.

5. Pahk correctly conceded in his opposition and at the hearing that his section 1983 claims are barred by the Eleventh Amendment.

6. Although there is a narrow exception to Eleventh Amendment immunity that allows suits against a state for prospective injunctive relief, that exception only applies to injunctive relief challenging the constitutionality of a state official's actions. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104–107, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *see Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 447 (8th Cir.1995) (the "exception to the Eleventh Amendment bar is limited, however, to injunctive relief granted on the basis of federal law"); *State Employees' Assoc. of New Hampshire, Inc. v. Lang,* 682 F.Supp. 660, 664 (D.N.H.1988) ("Citizens may sue for injunctive relief against a state official in federal court for a violation of federal constitutional law"). The exception does not apply to this case because Pahk is seeking damages, not injunctive relief.

against Otani and Beaver in their official capacities, are also barred by the Eleventh Amendment. Although the State of Hawaii consents to being sued in tort actions in Haw.Rev.Stat. §§ 661–2 and 3, that consent applies only to cases brought in the state courts of Hawaii, not to cases brought in federal courts. *Office of Hawaiian Affairs*, 951 F.Supp. at 1491. In fact, Hawaii's legislature has clearly indicated that its intent was "not to extend jurisdiction for such [tort] actions and claims to federal courts." Act 135, § 1, 12th Leg., Session Laws of Hawaii—Regular and First Special (1984).

 This court has stated that, "[w]hen removed claims are barred by the Eleventh Amendment, the Ninth Circuit approves of the procedure of remanding those particular claims to state court." *See Office of Hawaiian Affairs*, 951 F.Supp. at 1489. *See also Kruse v. State of Hawaii*, 68 F.3d 331 334 n. 2 (9th Cir. 1995) (citing the Sixth Circuit's practice of remanding claims barred by the Eleventh Amendment rather than dismissing those claims). Accordingly, Pahk's claims against the state of Hawaii and against Otani and Beaver in their individual capacities for negligence (Count I), negligent and/or intentional infliction of emotional distress (Count II), false imprisonment (Count III), and false arrest (Count IV) are remanded to state court.[7] To the extent Pahk's claim for punitive damages (Count VIII) arises out of these torts, it is also remanded to state court.[8]

B. *Individual Capacity Claims.*

The dismissal and remand of the claims barred by the Eleventh Amendment leaves the following claims against Otani and Beaver in their individual capacities: negligence (Count I); negligent and/or intentional infliction of emotional distress (Count II); false imprisonment (Count III); false arrest (Count IV); involuntary servitude in violation of the Thirteenth Amendment and illegal search and seizure in violation of the Fourth Amendment, cognizable under 42 U.S.C. § 1983 (Counts V, VI, and VII); and punitive damages (Count VIII). Both Otani and Beaver claim to have qualified immunity from these claims. Beaver additionally claims to have quasi-judicial immunity from Pahk's remaining claims.

1. *Based on The Allegations Before the Court, this Court Cannot Determine Whether Otani and Beaver are Qualifiedly Immune from Pahk's Claims.*

a. *Section 1983 Claims.*

 On the section 1983 claims (Counts V, VI, and VII), qualified immunity bars claims against state officials in their individual capacities if their conduct did not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Manhattan Beach Police Officers Ass'n, Inc. v. City of Manhattan Beach*, 881 F.2d 816, 818 (9th Cir.1989). The doctrine protects state and local officials from being liable under section 1983 for their exercise of poor judgment, and fails to protect only those who are "plainly incompetent or those who knowingly violate the law."

---

7. Defendants argued that this court must exercise supplemental jurisdiction over Pahk's state tort claims if this court retains jurisdiction over any federal claims. This argument is untenable. The court is required to examine jurisdictional issues. *See B.C.*, 192 F.3d at 1264. This court clearly lacks jurisdiction over claims barred by the Eleventh Amendment. It makes no sense to require this court to assume jurisdiction over claims it has no jurisdiction to hear. *See Pennhurst*, 465 U.S. at 120–21, 104 S.Ct. 900 (holding that the Eleventh Amendment bars claims brought into federal court under pendent jurisdiction, which was a term used at that time to describe what is now known as supplemental jurisdiction).

8. The remand of the punitive damages claim to the extent it arises out of the other remanded claims leaves in this court a punitive damages claim relating to those claims over which this court retains jurisdiction.

*Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). The purpose of qualified immunity is to protect officials from undue interference with their duties and from potentially disabling threats of liability. *Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 70 F.3d 1095, 1098 (9th Cir.1995).

The plaintiff bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct. If the plaintiff carries this burden, then, under federal law, the officials must prove that their conduct was reasonable. *Romero v. Kitsap County,* 931 F.2d 624, 627 (9th Cir.1991). The Ninth Circuit has articulated a three-step analysis to determine whether an official sued under section 1983 is entitled to qualified immunity. The court must consider: (1) whether a plaintiff has identified a specific right that has been allegedly violated, (2) whether that right was so clearly established as to alert a reasonable official to its parameters, and (3) whether a reasonable official could have believed his or her conduct was lawful. *Sweaney v. Ada County, Idaho,* 119 F.3d 1385, 1388 (9th Cir.1997).

Pahk alleges that Otani and Beaver discharged Pahk from probation. The Complaint then essentially alleges that Otani and Beaver violated Pahk's rights by acting as if Pahk had not been discharged. It finally alleges that Otani and Beaver improperly rescinded his discharge. Assuming for purposes of this motion that Pahk's allegations are true, and assuming that Pahk was properly discharged in the first place, Pahk had a right not to be treated as a parolee. No reasonable official would have believed that anyone other than a parolee could be compelled to comply with conditions of parole and then imprisoned for violating a parole condition. Similarly, assuming he had been properly discharged from parole, Pahk would have had the right not to have had his discharge rescinded without due process. A reasonable official could not have thought otherwise. If the facts are as alleged by Pahk,

Otani and Beaver do not have qualified immunity from the claims alleged in the Complaint. This court cannot say whether those allegations are accurate, but taking them as true for purpose of this motion, this court cannot conclude that Otani and Beaver have qualified immunity from the section 1983 claims.

### b. *State Tort Claims.*

Hawaii law similarly provides a qualified immunity defense for state and local officials sued under state law. Under Hawaii law, a nonjudicial governmental official performing a public duty enjoys the protection of what has been termed a qualified or conditional privilege. *Towse v. State of Hawaii,* 64 Haw. 624, 631, 647 P.2d 696, 702 (1982). This privilege effectively shields the official from liability, and not from the imposition of the suit itself, to the extent that the privilege is not abused and thereby lost. *Id.* For an action to lie against an official acting under a claim of privilege, it is essential that the injured party allege and prove that the official was motivated by malice and not by an otherwise proper purpose. *Id.* If, in exercising his or her official authority, the public official was motivated by malice, and not by an otherwise proper purpose, Hawaii law provides that the cloak of immunity is lost, and the official must defend the suit the same as any other defendant. *Marshall v. University of Hawaii,* 9 Haw.App. 21, 37, 821 P.2d 937, 946 (Ct.App.1991), *not followed on other grounds, Takaki v. Allied Mach. Corp.,* 87 Hawai'i 57, 951 P.2d 507 (1998). Because the existence of malice is generally for the jury, judgment without a trial on the state tort claims is only proper on qualified immunity grounds when malice has been removed from the case by uncontroverted affidavits or depositions. *See id.*

Otani and Beaver have not demonstrated that they were not motivated by malice. Accordingly, the court will not grant judgment on the pleadings on the state tort

claims asserted against Otani and Beaver in their individual capacities.

### 2. *On this Record, the Court Cannot Determine Whether Beaver Has Quasi–Judicial Immunity.*

 In addition to the qualified immunity discussed above, Beaver contends that he has quasi-judicial immunity from suits because he is a state parole official.[9] *Sellars v. Procunier,* 641 F.2d 1295, 1299 (9th Cir.) ("Of the officials who have been accorded absolute immunity, judges and those performing judge-like functions are the most analogous, in our view, to parole board officials"), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981); *Silver v. Dickson,* 403 F.2d 642, 643 (1968) ("members of the California Adult Authority and other state officials are, while employed in the processing of applications for parole, performing quasi-judicial functions. They therefore have immunity from suits for damages under the Civil Rights Act"), *cert. denied,* 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969). However, that immunity only exists if those officials were acting in their quasi-judicial capacity. *See Forrester v. White,* 484 U.S. 219, 228, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (suggesting that immunity exists for judicial acts, but not for administrative, legislative, or executive functions) and at 230 (holding that, when a judge demotes and discharges an individual, that judge is acting in an administrative capacity for which the judge does not have judicial immunity from suit).

On the record before this court at this time, Beaver has not established that he was acting in a quasi-judicial manner such that he should be immune from Pahk's section 1983 claim. Those claims may, in fact, arise out of his administrative actions. The record needs to be developed further on the issue of exactly what Beaver did

before this court can determine whether he has quasi-judicial immunity from Pahk's section 1983 claims.

## V. *CONCLUSION.*

This court dismisses Counts V (involuntary servitude . in violation of the Thirteenth Amendment), VI (illegal search and seizure in violation of the Fourth Amendment), and VII (violation of 42 U.S.C. § 1983) of the Complaint to the extent they are asserted against the State of Hawaii and against Otani and Beaver in their official capacities. Those claims are barred by the Eleventh Amendment and are not cognizable in any court.

Counts I (Negligence), II (negligent and/or intentional infliction of emotional distress), III (false imprisonment), and IV (false arrest) are similarly barred by the Eleventh Amendment to the extent they are asserted against the State of Hawaii and against Otani and Beaver in their official capacities. Counts I, II, III, and IV against the State of Hawaii and against Otani and Beaver in their official capacities may only be brought in state court. Therefore, Counts I, II, III, and IV, as asserted against the State of Hawaii and against Otani and Beaver in their official capacities are remanded to state court. To the extent Pahk's claim for punitive damages (Count VIII) arises out of any of these remanded claims, it is also remanded to state court. The Clerk of the Court is directed to send a certified copy of this order to all parties in this action, as well as to the Clerk of the Court of the First Circuit, State of Hawaii.

The motion for judgment on the pleadings is denied with respect to Defendants' contention that Otani and Beaver have qualified immunity from Pahk's claims and that Beaver additionally has quasi-judicial immunity. This court retains for future adjudication the following claims against

---

**9.** If Beaver has quasi-judicial immunity, it appears to arise out of federal law and to apply to the section 1983 claims. Hawaii law is silent as to whether, in addition to qualified immunity from state tort claims, a state parole official possesses quasi-judicial immunity from those claims.

Otani and Beaver in their individual capacities: negligence (Count I); negligent and/or intentional infliction of emotional distress (Count II); false imprisonment (Count III); false arrest (Count IV); involuntary servitude in violation of the Thirteenth Amendment and illegal search and seizure in violation of the Fourth Amendment, cognizable under 42 U.S.C. § 1983 (Counts V, VI, and VII); and punitive damages (Count VIII), to the extent punitive damages are sought against Otani and Beaver in their individual capacities.

IT IS SO ORDERED.