The appellant, Al Joseph Felder, Sr., an inmate incarcerated at Fountain Correctional Facility, filed a petition for a writ of habeas corpus, arguing that he is being illegally detained. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The record shows that, in 1990, in case number CC-90-92, the appellant was convicted of trafficking in cocaine, second-degree unlawful possession of marijuana, and failure to affix tax stamps. On March 1, 1990, the trial court sentenced him to serve concurrent terms of fifteen years in prison on the trafficking conviction, twelve months in the county jail on the unlawful possession conviction, and three years in prison on the failure to affix tax stamps conviction. The record also appears to indicate that the appellant was incarcerated in federal prison from sometime in 1991 until January 20, 2005, when he was brought back to Alabama pursuant to a fugitive warrant and an extradition petition to start serving his sentences on the above-referenced convictions.
The appellant argues that the circuit court erroneously summarily dismissed his petition. In his petition, he asserted that he had filed a motion for a summary judgment, asking that " `all charges and sentences be vacated'"; that, in an order issued on March 7, 1996, Judge Sally Greenhaw granted the requested relief and ordered that the charges and sentences in case number CC-90-92 be vacated; and that the State did not contest or appeal Judge Greenhaw's order. (C.R. 4.) In support of his contentions, he attached several documents, including copies of a motion for summary judgment that had a different case number but appeared to pertain to case number CC-90-92 and an order from Judge Greenhaw dated March *Page 803 
7, 1996, which purported to be in case number CC-90-92.60. In the order, Judge Greenhaw stated:
 "The Court ordered the Respondent to respond to Petitioner's request on February 16th, 1996. There having been no response filed within fourteen clays, it is hereby ORDERED that Petitioner's request for relie[f] is due to be and is hereby GRANTED."
(C.R. 30.) Therefore, the appellant concludes that his convictions and sentences in case number CC-90-92 have been vacated and that Alabama prison officials are illegally detaining him.
In this case, the State did not refute the appellant's specific allegation that Judge Greenhaw ordered that the charges and sentences in case number CC-90-92 be vacated in an order issued on March 7, 1996. Rather, it asserted only that the appellant's minimum release date was correct. Also, the circuit court did not make any findings of fact when it dismissed the petition.
 "When the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner's specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood[ v. State, 646 So.2d 158
(Ala.Crim.App. 1993)]. See also Boutwell [v. State, 488 So.2d 33, 34 (Ala.Crim.App. 1986)] (`The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.')."
Mintz v. State, (375 So.2d 1356, 1357-58
(Ala.Crim.App. 1995).
The appellant's claims could be meritorious. Accordingly, we remand this case to the circuit court with instructions that it make specific, written findings of fact addressing the validity of the appellant's claims. On remand, the circuit court may require the State to respond specifically to the appellant's claims and/or may conduct an evidentiary hearing on the claims. On remand, the circuit court may grant such relief, if any, that it determines to be necessary. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's specific, written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On May 12, 2006, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.