THOMAS, Judge.
 

 A1 Joseph Felder, Sr., was convicted of a drug-related offense in case number CC-90-92. In 1996, the Montgomery Circuit Court entered a judgment vacating Felder’s conviction in case number CC-90-92. Felder was incarcerated in federal prison
 
 *899
 
 until January 20, 2005, at which time the State of Alabama, pursuant to a fugitive warrant and extradition petition based on the sentences imposed in case number CC-90-92, took custody of Felder and incarcerated him in a state prison.
 
 See Felder v. State,
 
 943 So.2d 802 (Ala.Crim.App.2006). Felder objected to his incarceration because, as noted earlier, his conviction in case number CC-90-92 had been vacated in 1996.
 

 Felder filed a petition for the writ of habeas corpus in the Escambia Circuit Court at some point after he was incarcerated in a state prison.
 
 Felder,
 
 943 So.2d at 802. The Escambia Circuit Court summarily dismissed Felder’s petition, and Felder appealed that dismissal to the Court of Criminal Appeals.
 
 Id.
 
 The Court of Criminal Appeals remanded the action to the Escambia Circuit Court for it to hold a hearing on the merits of Felder’s petition.
 
 Id.
 
 The Escambia Circuit Court held the required hearing, at which the Alabama Department of Corrections (“DOC”) conceded that the Montgomery Circuit Court’s 1996 judgment had vacated the conviction in case number CC-90-92; upon return to remand, the Court of Criminal Appeals, in an unpublished memorandum issued on May 12, 2006, dismissed Felder’s appeal because the Escambia Circuit Court had granted his petition for the writ of habeas corpus.
 
 See
 
 note from the reporter of decisions,
 
 Felder,
 
 943 So.2d at 803. Felder was released from state prison on June 1, 2006, after having been unlawfully incarcerated for nearly 17 months.
 

 In May 2008, Felder filed an action in the Montgomery Circuit Court (“the trial court”), pursuant to 42 U.S.C. § 1983, against Richard Allen, the Commissioner of DOC; Donal Campbell, the former Commissioner of DOC; Renee Barker, an employee in the central records division of DOC; Katrina Atkins, an employee in the central records division of DOC; Betty Teague, the former director of the central record division of DOC; Jerry Farrell, the former warden of Fountain Correctional Facility; Debra Hackett, the former circuit clerk of Montgomery County; and Melissa Rittenour, the present circuit clerk of Montgomery County. In his complaint, Felder alleged, generally, that the defendants had violated his constitutional rights by incarcerating him in a state prison without a valid conviction. In his complaint, Felder alleged that Allen and Campbell “knew or should have known” of the illegality of his confinement; regarding all other defendants, Felder alleged that they “were informed” or had notice of the illegality of Felder’s confinement. Felder alleged that his illegal confinement violated his rights under both the Thirteenth and the Fourteenth Amendments to the United States Constitution. Felder later amended his complaint to add Kathy Holt, another employee of the central records division of DOC, as a defendant.
 

 Although Campbell, Atkins, and Teague were not served, the Attorney General filed a motion to dismiss Felder’s complaint on behalf of all defendants except Campbell. In that motion, the Attorney General alleged that the defendants, insofar as they were sued in their official capacities, were entitled to immunity under the Eleventh Amendment of the United States Constitution and that, insofar as they were sued in their individual capacities, Felder’s “claims ... cannot be maintained for failure to release the plaintiff from prison or failure to tell someone else to release him from prison, prior to the appellate court ruling issued on May 12, 2006.” DOC later filed an answer on behalf of Allen, Farrell, Barker, and Holt (hereinafter “the DOC defendants”); in that answer, DOC asserted that Felder’s complaint was due to be dismissed for
 
 *900
 
 failure to state a claim upon which relief could be granted and specifically claimed that the DOC defendants were entitled to sovereign immunity and/or qualified immunity.
 

 After a hearing, the trial court entered a judgment dismissing Felder’s claims against all defendants. The judgment, in its entirety, reads:
 

 “The above-styled matter comes before the Court on Defendants’ MOTION TO DISMISS. Having heard arguments and considering the pleadings and submissions of [the] Parties, the Court finds that the MOTION is due to be and is hereby GRANTED. Although there was some debasement of Felder’s rights, the Court finds that the Defendants named in this suit are protected by sovereign, qualified, and state agent immunity, and there is no means by which to compensate Felder for said debasement of rights. Therefore it is hereby ORDERED that the matter is hereby DISMISSED WITH PREJUDICE.”
 

 (Capitalization in original.) Felder appealed the dismissal of his complaint to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 “ ‘When the sufficiency of a complaint is at issue, this Court will liberally construe the complaint in favor of stating a claim for relief. “Dismissals under Rule 12(b)(6)[, Ala. R. Civ. P.,] should be granted sparingly, and such a dismissal is proper only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.”
 
 Garrett v. Hadden,
 
 495 So.2d 616, 617 (Ala.1986). “ ‘ “Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff.” ’ ”
 
 Boswell v. Liberty Nat’l Life Ins. Co.,
 
 643 So.2d 580, 581 (Ala.1994), quoting
 
 Grant v. Butler,
 
 590 So.2d 254, 255 (Ala.1991), quoting in turn
 
 Greene County Bd. of Educ. v. Bailey,
 
 586 So.2d 893, 897-98 (Ala.1991).
 

 “ ‘ “Unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief under some cognizable theory of law, the court should not grant a motion to dismiss a complaint.”
 
 American Auto. Ins. Co. v. McDonald,
 
 812 So.2d 309, 311 (Ala.2001), citing
 
 Rice v. United Ins. Co. of America,
 
 465 So.2d 1100 (Ala.1984). In our review, we need not determine “whether the plaintiff will ultimately prevail, only whether he has stated a claim on which he
 
 may
 
 possibly prevail.”
 
 Fontenot v. Bramlett,
 
 470 So.2d 669, 671 (Ala.1985).’ ”
 

 McCammon v. Youngblood,
 
 853 So.2d 249, 251 (Ala.Civ.App.2002) (quoting
 
 Radenhausen v. Doss,
 
 819 So.2d 616, 619-20 (Ala.2001)).
 

 Felder does not appear to challenge the trial court’s dismissal insofar as it applied to claims asserted against the defendants in their official capacities.
 
 [1]
 
 It is well settled that “‘[t]he State of Alabama, its
 
 *901
 
 agencies, and its officials acting in their official capacities are not considered “persons” for purposes of an action for damages under 42 U.S.C. § 1983.’”
 
 King v. Correctional Med. Servs., Inc.,
 
 919 So.2d 1186, 1191 (Ala.Civ.App.2005) (quoting
 
 State Dep’t of Pub. Safety v. Sexton,
 
 748 So.2d 200, 216 (Ala.Civ.App.1998) (citing in turn
 
 Hafer v. Melo,
 
 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)));
 
 see Will v. Michigan Dep’t of State Police,
 
 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that a state is not a “person” under § 1983 and therefore that a § 1983 action brought in state court could not be maintained against a state), and
 
 Quern v. Jordan,
 
 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (holding in a § 1983 action brought in federal court that § 1983 does not override Eleventh Amendment immunity). Insofar as the judgment dismissed the claims against the defendants in their official capacities, the judgment is affirmed.
 

 However, Felder does argue that, under
 
 Harlow v. Fitzgerald,
 
 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the defendants were
 
 not
 
 entitled to qualified immunity because the conduct of the defendants “violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known.”
 
 [2]
 
 We agree.
 

 “ ‘While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it was in this case, raised and considered on a motion to dismiss.
 
 See Chesser v. Sparks,
 
 248 F.3d 1117, 1121 (11th Cir.2001). The motion to dismiss will be granted if the “complaint fails to allege the violation of a clearly established constitutional right.”
 
 Id. (citing Williams v. Ala. State Univ.,
 
 102 F.3d 1179, 1182 (11th Cir.1997)). Whether the complaint alleges such a violation is a question of law that we review de novo, accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiffs favor.
 
 Id.’ ”
 
 
 *902
 
 be free from confinement under the vacated conviction under the Fourteenth Amendment, as will be explained infra, we will not consider whether Felder’s confinement was a violation of his rights under the Thirteenth Amendment.
 

 
 *901
 

 Ex parte Alabama Dep’t of Youth Servs.,
 
 880 So.2d 393, 402-03 (Ala.2003) (quoting
 
 St. George v. Pinellas County,
 
 285 F.3d 1334, 1337 (11th Cir.2002)) (emphasis omitted). We must determine, then, whether Felder’s complaint meets the above-stated requirement that it allege a violation of a clearly established constitutional right.
 

 Felder alleged in his complaint and argues on appeal that his rights under both the Thirteenth Amendment and the Fourteenth Amendment were violated by his unlawful confinement.
 
 [3]
 
 Our first inqui
 
 *902
 
 ry is “whether ‘the applicable law was clearly established at the time of the challenged action.’”
 
 Ex parte Hale,
 
 6 So.3d 452, 459 (Ala.2008) (quoting
 
 Adams v. Franklin,
 
 111 F.Supp.2d 1255, 1263-64 (M.D.Ala.2000)). However, federal courts have held that allegations of false imprisonment, such as Felder’s accusation that he was confined based on a vacated conviction can be a violation of the Fourteenth Amendment.
 
 See Davis v. Hall,
 
 375 F.3d 703 (8th Cir.2004);
 
 Slone v. Herman,
 
 983 F.2d 107 (8th Cir.1993);
 
 Cannon v. Macon County,
 
 1 F.3d 1558 (11th Cir.1993); and
 
 Douthit v. Jones,
 
 619 F.2d 527 (5th Cir.1980). Thus, we conclude that the right to be free of the conduct that Felder alleged in his complaint — confinement under a vacated conviction — is a clearly established constitutional right.
 

 We must now turn to whether the specific conduct that Felder alleges each defendant committed would, in fact, amount to a “ ‘ “
 
 ‘violation
 
 of [that] clearly established constitutional right.’ ” ’ ”
 
 Ex parte Hale,
 
 6 So.3d at 459 (quoting
 
 Ex parte Alabama Dep’t of Youth Seros.,
 
 880 So.2d at 402 (quoting in turn
 
 St. George,
 
 285 F.3d at 1337 (quoting in turn
 
 Chesser v. Sparks,
 
 248 F.3d 1117, 1121 (11th Cir. 2001)))) (emphasis added). To determine whether Felder has sufficiently alleged claims against each defendant, we must consider the allegations raised in the complaint and we must “ ‘accept[ ] the facts alleged in the complaint as true and draw[ ] all reasonable inferences in [Felder’s] favor.’ ”
 
 Ex parte Hale,
 
 6 So.3d at 459 (quoting
 
 Ex parte Alabama Dep’t of Youth Servs.,
 
 880 So.2d at 403). Felder alleged specifically that Barker, Holt, Hackett, and Rittenour were all informed of Felder’s illegal confinement but failed to
 

 “resolve” it. Felder alleged specifically that Farrell “was put on notice that [Felder] was being illegally detain[ed] due Tto the] March 7, 1996[, judgment vacating the conviction in case number CC-90-92], but failed to resolve this illegal act.” Regarding Allen, Felder alleged that he “knew or should have known that a valid and uricon-tested court order shall be enforee[d] according! ] to the law, but he failed to resolve this illegal act.” In general, Felder alleged in his complaint that “each of the defendants were giv[en] notice that their action was violating [Felder’s] fourteenth amendment rights (DUE PROCESS AND EQUAL PROTECTION CLAUSE)” and that “each defendant in this said cause had authority to correct this illegal activity (false conviction) or report this illegal activity
 
 to someone in
 
 authority higher than them, but each failed to do so, upon notice of sendee, depriv[ing] [Felder] of his liberty interest, in violation of his constitution rights due to [the] incarceration] [of Felder] without jurisdiction of the court and probable cause.” (Capitalization in original.) Felder further alleged that he “show[ed] on numerous of occasion [sic] to defendants that the conviction that the defendants reference as basis of their fugitive warrant is a case that was ruled on by Montgomery Circuit Court ... granting [Felder’s] relief on March 1, 1996 (all charges and sentences vacated).”
 

 Felder’s allegations, when accepted as true, as they must be on our review of the dismissal of his complaint,
 
 Ex parte Alabama Dep’t of Youth Servs.,
 
 880 So.2d at 403, establish that the defendants incarcerated Felder based on a vacated conviction depriving Felder of his liberty without due process of law. Felder alleged that each defendant, other than Allen, “was in
 
 *903
 
 formed” or “was put on notice” of his claim of illegal confinement and of the 1996 judgment vacating the conviction in case number CC-90-92. Regarding Allen, Felder alleged that he knew or should have known of the illegality of Felder’s confinement; however, in Felder’s more general allegations, Felder indicated that the basis of each defendant’s knowledge of Felder’s illegal confinement was actual notice of the 1996 judgment vacating his conviction.
 

 At this stage of the proceedings, we cannot agree with the trial court that the defendants have proven entitlement to qualified immunity. Felder’s allegations, when accepted as true, indicate that the defendants all had notice of the 1996 judgment vacating the conviction in case number CC-90-92 and that, despite knowledge of that judgment, did nothing to determine whether, in fact, Felder’s continued confinement was legal. Because Felder has alleged the violation of a clearly established constitutional right, the trial court’s dismissal of his § 1983 claims against the defendants in their individual capacities was error. We therefore reverse the trial court’s judgment dismissing Felder’s complaint insofar as it alleges a § 1983 claim against each defendant in their individual capacity, and we remand the cause for further proceedings.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ„ concur.
 

 [1]
 

 . Felder argues on appeal that the trial court erred in dismissing Allen and Rittenour, who were successors to Campbell and Hackett, respectively, and who, therefore, he argues, were properly made parties pursuant to Rule 25(d)(1), Ala. R. Civ. P. However, because the trial court dismissed all the defendants on the basis of immunity, we will not address Felder’s successor-party argument.
 

 [2]
 

 . Felder makes no argument on appeal concerning the trial court's reliance on the State-agent-immunity doctrine, and no party advanced State-agent immunity as a basis for the dismissal. Because State-agent immunity is not applicable to a § 1983 action,
 
 see King v. Correctional Med. Servs.,
 
 919 So.2d at 1191, the trial court's reference to it must have been in error.
 

 [3]
 

 . Felder has not cited any authority recognizing that a clearly established constitutional right to be free from confinement under a vacated conviction arises under the Thirteenth Amendment.
 
 But see Pahk v. Hawaii,
 
 109 F.Supp.2d 1262 (D.Haw.2000) (denying qualified immunity to officials who had discharged the plaintiff from probation but had subsequently rescinded his discharge without due process while considering a plaintiff's claim under § 1983 alleging a violation of the Thirteenth Amendment right to be free from involuntary servitude). As noted in the text, infra, Felder’s claim is essentially a claim of false imprisonment, and it is typically analyzed, for purposes of a § 1983 claim, under the Fourteenth Amendment. However, some federal circuits consider such claims under the Eighth Amendment.
 
 See, e.g., Moore v. Tartler,
 
 986 F.2d 682 (3d Cir.1993);
 
 Haygood v. Younger,
 
 769 F.2d 1350 (9th Cir.1985). Because the caselaw supports a conclusion that Felder had a clearly established right to