This is an appeal by Cois Teele and other children and heirs at law of J. Lee Teele, deceased, from a summary judgment in favor of Aileene Graves, another child, who was the beneficiary under the will of their father.
J. Lee Teele died on June 8, 1973, leaving seven surviving children. Six of the children are the plaintiffs/appellants, herein; the seventh child, Aileene Graves, is the defendant/appellee. Under the will of J. Lee Teele, Aileene Graves was devised and bequeathed all of the real and personal property of the deceased. The will of J. Lee Teele was admitted to probate on August 27, 1973; the will was not contested. On January 23, 1981, some seven years after the will was admitted to probate, this action was commenced by the plaintiffs/appellants.
The plaintiffs alleged that their father, prior to his death, had stated that all of his property would be left to Aileene Graves with the understanding that she would distribute the property in equal shares to the other children. The plaintiffs also maintained that the defendant, Aileene Graves, had represented to the plaintiffs that it was her intention that the property left to her in the will would be equally divided and distributed among the seven children. The plaintiffs sought to have a constructive trust imposed upon all of the property in the possession or control of Aileene Graves for the benefit of all of the children of J. Lee Teele. The plaintiffs also sought damages of $400,000.00 for willful misrepresentation by the defendant.
The record does not disclose any motion to dismiss the complaint challenging its legal sufficiency to state a claim upon which relief could be granted. Therefore, the sole issue presented for our review is whether the trial court erred in granting defendant's motion for summary judgment. The motion for summary judgment was submitted upon the pleadings and depositions of the plaintiffs. In determining whether summary judgment is proper, this Court has stated that the ultimate question is whether there is a genuine issue of material fact.First National Bank of Birmingham v. Culberson, 342 So.2d 347
(Ala. 1977). We hold that under the pleadings and evidence presented, the trial court was correct in granting summary judgment.
The depositions taken from the plaintiffs do not bear out the statements made in their complaint. Ruby Greene, one of the plaintiffs, stated she was unaware of the contents of the will and that she did not have any grounds particularly for contesting the will. She also stated that no one ever told her she was going to get part of the estate.
Grady Teele, another of the plaintiffs, stated that he understood the property was *Page 1119 
to be divided equally. However, he also stated his failure to contest the will was not caused by anything his sister, Aileene Graves, had told him.
Lonnie Teele, another plaintiff, stated he understood the property was left to his sister with the stipulation that she divide it. He also stated that the defendant did not say anything that stopped him from contesting the will.
L.M. Teele, another plaintiff, stated that he had no knowledge of the contents of the will prior to his father's death. He also stated that his decision not to contest the will was not caused by any representations made by the defendant Aileen Graves.
James Teele, another plaintiff, stated that his father told him that after his death, Aileene was to sell the property and divide the money equally among the seven children. He also stated that his decision not to contest the will was not the result of any promise made by the defendant.
Cois Teele, the sixth plaintiff, stated that his father had indicated that he wanted to give him a parcel of land. He did not indicate that he was aware of any general scheme of disposition for the property. He also indicated that the defendant never promised to divide the property and never attempted to talk him out of contesting the will.
There is no evidence that the plaintiffs were induced to forego contesting the will by any statements by the defendant. Thus, the trial court was correct in granting summary judgment as to the count alleging willful misrepresentation.
This Court has stated:
 "A constructive trust is a creature of equity that operates to prevent unjust enrichment; such a trust will be imposed when a property interest has either been acquired by fraud or where, in the absence of fraud, it would be inequitable to allow the property interest to be retained by the person who holds it."
Coupounas v. Morad, 380 So.2d 800, 803 (Ala. 1980).
From the facts presented in the plaintiffs' depositions, there is simply no evidence of fraud in this case. There was also no evidence that the decedent at any time told Aileene Graves, the defendant, that she was to divide the property among the children. Further, even though the property was not distributed following the death of J. Lee Teele, the plaintiffs failed to contest the will or to take any action for seven years. This failure to act contradicts their assertion that they thought they were legally entitled to a share of their father's property. Ruby Greene indicated that no one told her she was to receive part of her father's estate. Cois Teele never indicated he was aware of a general scheme of distribution for the property. In fact, our review of the complaint indicates that the plaintiffs failed to allege any of the traditional bases for establishment of a constructive trust, such as abuse of a confidential relationship, mistake, fraud, or a parol promise to hold in trust. Thus, we hold that the trial court was correct in granting summary judgment on the count asking for the imposition of a constructive trust.
The granting of summary judgment as to the imposition of a trust and the claim for willful misrepresentation is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.