Charles Garrett filed a complaint in the Circuit Court of Houston County against Lamar Hadden, individually and in his official capacity as Sheriff of Houston County, and against a Lieutenant Lee, individually and in his official capacity as warden of the Houston County Jail, seeking recovery of damages for negligence in the handling of his personal property. The trial court granted the defendants' motion to dismiss the complaint under Rule 12 (b)(6), Ala.R.Civ.P., for failure to state a claim upon which relief could be granted. Garrett appeals. We reverse and remand.
The plaintiff's complaint and the defendants' motion to dismiss were the only materials considered by the trial court in making its determination.
Dismissals under Rule 12 (b)(6) should be granted sparingly, and such a dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Committee Comments to Rule 8, Ala.R.Civ.P.; Roberts v. Meeks,397 So.2d 111 (Ala. 1981).
Initially, we note that the defendants argue in their brief that the trial court dismissed the plaintiff's complaint after properly taking judicial notice of a prior criminal prosecution that allegedly involved some of the same facts that form the basis of the plaintiff's complaint. However, there is nothing in the record supporting this argument.
In their motion to dismiss, the defendants alleged that the plaintiff was barred from proceeding under his complaint in this case because he had previously filed two actions in the United States District Court for the Middle District of Alabama, which were still pending and which involved the same subject matter as the present case. See § 6-5-440, Alabama Code 1975; Terrell v. City of Bessemer, 406 So.2d 337 (Ala. 1981); although the defendants do not mention the two federal cases in their brief, we note that the trial court could not properly have taken judicial notice of those cases. Crossland v. FirstNational Bank of Montgomery, 233 Ala. 432, 172 So. 255 (1937). Therefore, dismissal of the complaint cannot be upheld on that ground.
We have thoroughly reviewed the plaintiff's complaint and consider that it is, at least, sufficient to state a claim against the defendants in their official capacities. SeeRoberts v. Meeks, supra.
The judgment of the trial court is, therefore, reversed, and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.