EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a summary judgment matter.
The Peoples Bank of Alabama (Bank) sued Bridewell in the Circuit Court of Bibb County for a deficiency judgment upon a joint note and security agreement which had been executed by Bridewell and delivered by him to the bank. The bank averred that, as a result of Bridewell’s nonpayment and default, the bank repossessed the vehicle which was the security for the note and security agreement, sold the car, applied the sale proceeds to the amount owed by him and that a balance, including a reasonable attorney’s fee, was still owed by Bridewell to the bank upon the note.
Bridewell’s answer pleaded specifically that the bank’s complaint was barred by Rule 13(a) of the Alabama Rules of Civil Procedure because Bridewell had previously filed a civil action, which is still pending, in the Bessemer Division of the Circuit Court of Jefferson County, against the bank for the tort of outrage, a conversion of his said vehicle, and an invasion of his privacy. In support of those defenses, his attorney filed an affidavit as to the filing of that Jefferson County case, and he gave his opinion therein that the subject matter of the Jefferson County case is the same as the subject matter of the Bibb County case. A copy of the Jefferson County complaint was attached to the affidavit of the attorney for Bridewell. The bank moved to strike the Rule 13(a) defenses, and, after a hearing thereon, the trial court granted the bank’s motion with a finding that the *1246 bank’s Bibb County action was not barred by Rule 13(a) since the bank was specifically exempt under Rule 13(a)(3) from having to file its deficiency claim in the Jefferson County case as a compulsory counterclaim since the Jefferson County case is covered by the bank’s liability insurance under which the insurer has the right or obligation to conduct, and is actually conducting, the defense of the Jefferson County case. That ruling of the trial court is not an issue upon this appeal.
Bridewell then pleaded the following:
“FOURTH DEFENSE
“The defendant pleads not indebted.
“FIFTH DEFENSE
“The defendant pleads set off.”
The bank filed a motion for a summary judgment which was supported by the affidavit of a director of the bank that Bride-well executed and delivered to the bank a note and security agreement which was attached to and made a part of the affidavit; that Bridewell failed to make timely payments as required by the note; that, as a result of Bridewell’s nonpayment and default, the bank rightfully and in a commercially reasonable manner repossessed the particular vehicle which was the security in and for the note and security agreement; that the bank sold the car pursuant to an agreement of the parties as evidenced by two letters attached to the affidavit; and that, after the proceeds of the sale were applied to the amount owed to the bank by Bridewell, a particular balance together with a certain attorney’s fee thereon were still due and owing to the bank by Bride-well. No counteraffidavit was filed by Bridewell.
The trial court granted the bank’s motion for a summary judgment and Bridewell appealed.
We summarize from Butler v. Michigan Mutual Insurance Company, 402 So.2d 949 (Ala.1981), some of the general principles concerning summary judgment matters. The movant must be entitled to a summary judgment as a matter of law, and he bears the burden of clearly showing that the opposite party cannot win under any discernible set of circumstances and that there is an absence of a genuine issue as to any material fact. The facts and all reasonable inferences therefrom are viewed most favorably to the nonmovant. Once the movant has supported the motion as is required by Rule 56(e), the motion for a summary judgment must be granted unless the adverse party makes an evidentiary or factual showing in opposition which shows that a genuine issue of fact exists for trial. A party who is adverse to such a motion may not rest upon the mere allegations or denials of his pleadings, but he must submit facts which controvert those facts which were presented by the moving party. When no evidence is offered to contradict the movant’s evidence, the trial court must consider that which is presented by the movant to be uncontroverted and must enter a summary judgment against the non-moving party if a summary judgment is warranted by the movant’s evidence. Butler, supra.
Here, there is no contention that the bank’s evidence was insufficient for the entry of a summary judgment upon the bank’s complaint for a deficiency judgment against Bridewell. However, Bridewell argues through able counsel that the evidence of the bank contained no evidence to show that his fifth defense was invalid.
Bridewell’s fifth defense was, “The defendant pleads setoff.” Those pleadings which were formerly known as pleas of recoupment or pleas of setoff are now respectively referred to as compulsory counterclaims or permissive counterclaims. Under Rule 13(a), a counterclaim is compulsory if there is any logical relation of any kind or nature between the counterclaim and the original claim. On the other hand, a permissive counterclaim, which was previously a plea of setoff, may state a claim against an opposing party which does not arise out of the transaction or occurrence that is the subject matter of the opposing party’s claim. Rule 13(b), A.R.Civ.P. It is *1247 required by Rule 8(a) that a counterclaim contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for a judgment for the relief to which the pleader deems himself entitled.
The fifth defense of Bridewell was not simply a defective claim, but it was a totally inadequate counterclaim upon its face, since it completely ignores each of the liberal pleading requirements of Rule 8. It does not set forth even a generalized statement of the facts which support a claim for relief under Rule 8(a). While one purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce procedural technicalities, we cannot ignore the ultimate goal of pleadings to provide fair notice to the parties of the claim against them and of the grounds upon which it rests. Simpson v. Jones, 460 So.2d 1282 (Ala.1984). The fifth defense of Bridewell completely fails to provide any notice to the bank of the nature of any setoff which Bridewell might have against the bank. However, Bride-well argues that his fifth plea is clearly based upon the facts which were averred in his Jefferson County case against the bank. If so, it would have constituted re-coupment not setoff and the only specific allegation of his fifth defense was that he was pleading setoff. The defenses concerning the Jefferson County case were struck from the Bibb County case and he does not raise any appellate issue as to that ruling of the trial court.
The bare averment that Bridewell pleads setoff is so vague, indefinite and general in nature that it is impossible, without extraordinary clairvoyance, to fathom the facts upon which Bridewell relies as to his setoff. The number of different matters upon which counterclaims may be filed are unlimited except by the existent facts in the matter, by the substantive laws which define and govern the various civil causes of action, and by the fertile and imaginative minds of the legal profession. While Bridewell attached a copy of his Jefferson County complaint to his attorney’s affidavit concerning his original Rule 13(a) defenses, his present fifth defense does not adopt or otherwise connect in any manner the factual averments of the Jefferson County case to his setoff.
We hold that Bridewell cannot rely upon that bare averment which is contained in his fifth defense. Because his fifth defense was so general and did not aver any facts, we do not understand how the bank could be required to factually refute it. As Bridewell never saw fit to amend his fifth defense so as to plainly and briefly aver a statement of the facts which show that he is entitled to relief, the burden then fell upon Bridewell in the summary judgment matter to support his fifth defense by an appropriate counteraffidavit if he intended to rely upon his fifth defense. Because no counteraffidavit was filed, he relied and rested entirely upon the inadequate, naked averment of his fifth defense. This he should not, and cannot, do.
We affirm the action of the trial court in granting a summary judgment in this case.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.