THIGPEN, Judge.
This is a paternity case.
K.R.O., the wife, and J.J.O., the husband, were divorced in 1984. In an agreement signed by the parties and adopted by the trial court, the wife was given custody of the two children of the marriage, and the husband was ordered to pay child support. In January 1991, the husband filed a “motion for determination of paternity and to strike child support payments.” The wife filed a motion to dismiss, stating that the husband did not have a cause of action, which the trial court granted. The husband then made a motion to reconsider the dismissal, in which he argued that the trial court should set aside the prior adjudication of the paternity. The trial court denied this motion. The husband appeals.
The dispositive issue raised on appeal is whether the trial court erred in denying the husband’s motion to reconsider the dismissal, which contained a request for relief from judgment pursuant to Rule 60(b) of the Alabama Rules of Civil Procedure.
The trial court’s original divorce decree stated that “[t]he Plaintiff, [K.R.O.], shall have the permanent care, custody and control of the two minor children of the mar-riage_” In Collier v. State ex rel. Kirke, 454 So.2d 1020, 1022 (Ala.Civ.App.1984), this court held that a court decree awarding custody “of the minor children of the marriage” was res judicata on the question of paternity. See also Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App.1987), cert. denied, 512 So.2d 921 (Ala.1987). The husband argues that there was either newly discovered evidence (rumors of his wife’s infidelities) or fraud upon the court (committed by the wife in not confessing her alleged infidelities prior to the divorce). Either ground requires that the motion for relief be made within four months after the judgment was entered. Rule 60(b), A.R.Civ.P.
*93 The trial court has wide discretion in determining whether to grant relief from judgments pursuant to Rule 60(b) motions. Ex parte Lang, 500 So.2d 3 (Ala.1986). We will disturb their judgment only upon an abuse of this discretion. Id. Nonetheless, the husband cites Musgrove v. Musgrove, 423 So.2d 881, 884 (Ala.Civ.App.1982), in support of his contention that “[ejquitable principles may be considered in the exercise of a trial court’s discretion in ruling on a 60(b) motion.” In determining whether there was an abuse of discretion, this court may look to the “grounds presented by the motion and matters presented in support thereof.” Boles by and through Boles v. Hooper & McDonald, Inc., 424 So.2d 634, 637 (Ala.Civ.App.1982). Ala.Code 1975, § 26-17-5 places a strong presumption of paternity upon a husband when a child is born during his marriage. The husband’s presumption of paternity could “only be rebutted by clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father.” Finkenbinder v. Burton, 477 So.2d 459, 460 (Ala.Civ.App.1985) (citations omitted) (emphasis in original). No such evidence was presented. Evidence of extramarital affairs, even if credible to the trial court, could not remove the natural, physical, or scientific possibility that the husband was the father of the children. We therefore pretermit any discussion of the validity of his cause of action under the Alabama Uniform Parentage Act and affirm the trial court’s dismissal of the husband’s motion.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.