Leslie Manning Ausman Radenhausen, Marta Ausman Crews, and Margaret Ausman (hereinafter referred to collectively as "the Ausmans") appeal from the Madison Circuit Court's dismissal of that portion of their counterclaim requesting the court to impose a constructive trust on the assets of the Ausman Family Trust. We reverse and remand.
 Factual Background
In 1987 Colonel Robert Paul Ausman executed a will. The will provided that if his wife, Bettye Ausman, predeceased him, half of his estate would go to his family and the remaining half of his estate would go to Bettye's family. Colonel Ausman's family consisted of his sister, Margaret Ausman, and two daughters from a previous marriage, Leslie Ausman Radenhausen and Marta Ausman Crews. Bettye's family consisted of her niece, Mary Partain Guthrie, and two nephews, Michael Partain and Larry Partain (the niece and nephews *Page 618 
are hereinafter referred to collectively as "the Partains").
Colonel Ausman was diagnosed with Alzheimer's disease and, according to his treating physician, by 1992 had lost the ability to handle financial matters. In 1992, Colonel Ausman executed a durable power of attorney in favor of Bettye, and in 1995 she created the "Ausman Family Trust," naming herself as the settlor and trustee. The trust document provided that upon the deaths of Colonel and Bettye Ausman, half of the principal remaining in the trust was to be distributed to Colonel Ausman's daughters and the other half was to be distributed to the Partains.
On June 16, 1995, Colonel and Bettye Ausman executed a deed that purported to convey to Bettye Ausman title to the property on which Colonel and Bettye Ausman's home was located. Colonel and Bettye Ausman's signatures both appear on that deed. Bettye Ausman then transferred all of Colonel Ausman's assets, including the property on which their home was located, into the trust.
In 1997, Bettye Ausman was diagnosed with terminal cancer. In September of the same year, Bettye amended the trust document to provide that upon the death of the last to die of Colonel and Bettye Ausman, each of Colonel Ausman's daughters would receive $100, and the remaining trust assets would be distributed to the Partains. Bettye Ausman died in October 1997 and Colonel Ausman died in January 1998. At the time of his death, Colonel Ausman's estate was worth approximately $700,000.
In August 1998, the Partains and Robin Doss, who became the trustee of the Ausman Family Trust after Bettye Ausman's death, filed an action to determine the rights and liabilities of the Ausmans and the Partains with respect to Colonel and Bettye Ausman's former residence. They petitioned the court for declaratory relief and filed an action to quiet title and for a sale of the property for division of the proceeds. The Ausmans answered and maintained that the transfer of the residence into the trust was void. The Ausmans also filed a seven-count counterclaim, seeking an accounting and the imposition of a constructive trust, and alleging a breach of fiduciary duty, conversion, fraud, conspiracy to defraud, and "fictitious parties."
The Partains and Doss filed a motion for a partial summary judgment. The court entered a summary judgment for the Partains and Doss as to the counterclaim alleging breach of fiduciary duty, and it dismissed, with prejudice, the counterclaims alleging conversion, fraud, and conspiracy to defraud. The court dismissed the counterclaim for "fictitious parties," without prejudice. The Partains and Doss then filed a separate motion to dismiss the counterclaim seeking to impose a constructive trust. Although the court initially denied the motion, it later withdrew that order and dismissed with prejudice the constructive-trust counterclaim. The trial court certified the judgment as final under Rule 54(b), Ala.R.Civ.P. The Ausmans appeal to this Court from the dismissal of the constructive-trust counterclaim only.
 I.
The Partains and Doss have filed with this Court a motion to dismiss the Ausmans' appeal in its entirety because, they allege, the notice of appeal was not timely. They assert that because the Ausmans' notice of appeal was filed more than 42 days from the date of the trial court's order dismissing the constructive-trust counterclaim, this Court lacks jurisdiction to consider the Ausmans' appeal. This argument, however, is without merit, because it is based upon a misreading of *Page 619 
Rule 4(a)(1), Ala.R.App.P., and Rule 58(c), Ala.R.Civ.P.
Rule (4)(a)(1), Ala.R.App.P., states in pertinent part that "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from . . . ." (emphasis added). "Notation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order." Rule 58(c), Ala.R.Civ.P. Thus, a trial court's judgment becomes effective upon the filing of the judge's separate judgment or order. In this case, the entry of judgment occurred when the clerk of the Madison Circuit Court filed the trial court's order dismissing the Ausmans' claim. See Smith v. Jackson, 770 So.2d 1068
(Ala. 2000).
The trial court issued its order dismissing the Ausmans' constructive-trust counterclaim on August 18, 2000. On August 31, 2000, that order was filed by the clerk of the Madison Circuit Court. Therefore, the last day on which the Ausmans could have timely filed their notice of appeal with the Madison Circuit Court was October 12, 2000. The Ausmans filed their notice of appeal in the Madison Circuit Court on October 11, 2000. Clearly, the Ausmans' notice of appeal was filed within the 42-day time limit imposed by Rule 4(a)(1), Ala.R.App.P., and the Partains and Doss's motion to dismiss the appeal is due to be denied.
 II.
The Ausmans maintain that the trial court erred in dismissing their constructive-trust counterclaim under Rule 12(b)(6), Ala.R.Civ.P., for failure to state a claim upon which relief can be granted. The Partains and Doss contend that the dismissal of the counterclaim was proper because a constructive trust is an equitable remedy — not a separate cause of action. They argue that the Ausmans had no grounds upon which to seek the equitable remedy of a constructive trust after the trial court entered a summary judgment as to the Ausmans' counterclaim alleging breach of fiduciary duty and dismissed the counterclaims alleging conversion, fraud, and conspiracy to defraud.[1] The Ausmans contend, however, that they have alleged in their counterclaim other bases upon which Alabama courts may impose a constructive trust. We agree.
This Court reviews the sufficiency of a counterclaim by the same standard it uses to review the sufficiency of a complaint. See Hightower Co. v. United States Fid. and Guar. Co., 527 So.2d 698(Ala. 1988). When the sufficiency of a complaint is at issue, this Court will liberally construe the complaint in favor of stating a claim for relief. "Dismissals under Rule 12(b)(6) should be granted sparingly, and such a dismissal is proper only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief." Garrett v. Hadden, 495 So.2d 616, 617
(Ala. 1986). "`"Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts *Page 620 
concerning the sufficiency of the complaint in favor of the plaintiff."'"Boswell v. Liberty Nat'l Life Ins. Co., 643 So.2d 580, 581 (Ala. 1994), quoting Grant v. Butler, 590 So.2d 254, 255 (Ala. 1991), quoting in turnGreen County Bd. of Educ. v. Bailey, 586 So.2d 893, 897-98 (Ala. 1991).
"Unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief under some cognizable theory of law, the court should not grant a motion to dismiss a complaint." American Auto. Ins. Co. v. McDonald,812 So.2d 309, 310 (Ala. 2001), citing Rice v. United Ins. Co. ofAmerica, 465 So.2d 1100 (Ala. 1984). In our review, we need not determine "whether the plaintiff will ultimately prevail, only whether he has stated a claim on which he may possibly prevail." Fontenot v. Bramlett,470 So.2d 669, 671 (Ala. 1985). "Under Rule 8, Ala.R.Civ.P., a complaint is sufficient if it puts the defendant on notice of the claims against him." Bethel v. Thorn, 757 So.2d 1154, 1158 (Ala. 1999), citing PhillipsColleges of Alabama, Inc. v. Lester, 622 So.2d 308, 311 (Ala. 1993).
The Partains and Doss correctly assert that a constructive trust is an equitable remedy; and a request to impose such a trust is not a cause of action that will stand independent of some wrongdoing. See Gulf StatesSteel, Inc. v. Lipton, 765 F. Supp. 696 (N.D.Ala. 1990) ("[the] court's research has revealed no case in any jurisdiction that supports GSS' argument that constructive trust constitutes a cause of action"). The Partains and Doss also correctly note that the trial court entered a summary judgment in their favor as to the Ausmans' counterclaim for breach of fiduciary duty and dismissed the Ausmans' counterclaims alleging fraud and conspiracy to defraud. However, fraud, conspiracy to defraud, and breach of fiduciary duty are not the only allegations of wrongdoing that will support the imposition of a constructive trust. The Ausmans argued before the trial court, and they continue to argue on appeal, that they made sufficient allegations in their counterclaim to present "traditional bases" for imposing a constructive trust; those bases, they say, include undue influence and the abuse of a confidential relationship.
 "A constructive trust . . . arises . . . `[W]henever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentation, concealments, or through undue influence, duress, taking advantage of one's weaknesses or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest. . . .'"
Knowles v. Canant, 255 Ala. 331, 333, 51 So.2d 355, 357 (Ala. 1951). "A constructive trust may be impressed upon property when the grantee of the property has abused a confidential relationship with the grantor." Jordanv. Mitchell, 705 So.2d 453, 461 (Ala.Civ.App. 1997), citing Cole v.Adkins, 358 So.2d 447, 450 (Ala. 1978). This Court observed of a complaint in which the plaintiff requested the trial court to impose a constructive trust, "our review of the complaint indicates that the plaintiffs failed to allege any of the traditional bases for establishment of a constructive trust, such as abuse of a confidential relationship, mistake, fraud, or a parol promise to hold in trust." Teele v. Graves,425 So.2d 1117, 1119 (Ala. 1983).
We note that the Ausmans made the following allegations in their counterclaim:
 "10. In 1987, Robert Paul Ausman was diagnosed with Alzheimer's disease and progressive cognitive impairment. *Page 621 
 From that time on, Robert Paul Ausman suffered from confusion, disorientation, memory loss and limited eyesight and hearing, culminating in a diminished mental condition.
 "11. In recognition of his deteriorating mental abilities, Robert Paul Ausman came to rely heavily on his second wife, Bettye C. Ausman, who handled virtually all his banking and business affairs. There was a confidential relationship which existed, with Bettye C. Ausman being the dominant party. During that time, Bettye C. Ausman took advantage of her position and the mental and physical weakness of Robert Paul Ausman and by undue influence arranged to have virtually all of Robert Paul Ausman's assets put in her name or in joint ownership. Bettye C. Ausman treated Robert Paul Ausman's money as if it were her own. The result of these actions have had the effect of placing all assets of Robert Paul Ausman in the hands of Robin B. Doss as Trustee and/or the niece and nephews of Bettye C. Ausman. There are, or may be, other assets of the estate, the amount in [sic] nature of which are unknown since Robin B. Doss is in control of that information but has failed to account for same in spite of inquiry.
 "12. On or about July 9, 1992, Robert Paul Ausman purportedly executed a power of attorney appointing Bettye C. Ausman as attorney-in-fact to act on his behalf. Bettye C. Ausman had little or no separate estate.
 "13. On or about May 24, 1995, Bettye C. Ausman as Trustor and Trustee, created `The Ausman Family Trust — Irrevocable Living Trust' prepared by Estate Security Trust, Inc. and transferred all bank accounts of Robert Paul Ausman to said trust. Said Trust provided for discretionary distributions at the direction of Bettye C. Ausman for her life. Upon the death of Bettye C. Ausman the document provided that the remaining trust fund be used for the benefit of Robert Paul Ausman. The final distribution provision of the trust provided that the principal be divided into two equal shares, with the first share to be paid and distributed to Leslie Manning Ausman Radenhausen and Marta Ann Ausman Crews, equally and free of trust and the second share to [be] paid to Mary Elizabeth Partain Guthrie, Michael Alan Partain and Larry Wayne Partain, equally and free of trust.
 "14. On or about June 16, 1995, Bettye C. Ausman attempted to transfer the Ausman residence to the Ausman Trust. An attempt to correct many of the deficiencies in the conveyance was made by an affidavit executed on January 21, 1998, by Brenda J. Morrison, Notary Public. At this time Robert Paul Ausman was not of sound mind and was unduly influenced by others.
 "15. On or about April 6, 1996, Bettye C. Ausman had Robert Paul Ausman placed in the Floyd E. Fann Veterans Nursing Home.
 "16. On or about September 15, 1997, Bettye C. Ausman attempted to amend said trust by providing that upon the death[s] [of] Robert Paul Ausman and Bettye C. Ausman then the entire trust corpus remaining was to be paid and distributed to Mary Elizabeth Partain Guthrie, Michael Alan Partain and Larry Wayne Partain equally with a provision that Leslie Manning Ausman Radenhausen and Marta Ausman Crew would receive $100 each. At this time Robert Paul Ausman was clearly incompetent and unable to care for his own interests. *Page 622 
 "17. Upon information and belief, all assets of Robert Paul Ausman, deceased, are now held by Robin B. Doss, Trustee of the Ausman Family Trust.
 "18. Bettye C. Ausman [commingled] funds of Robert Paul Ausman.
 "19. Bettye C. Ausman was de facto guardian of Robert Paul Ausman.
 "20. Bettye C. Ausman attempted to change an act previously performed by exercising a personal right of the incompetent which was not necessary for the incompetent's support and care."
(R. at 63-64.)
After liberally construing the counterclaim in favor of the Ausmans, we do not find it to be beyond doubt that the Ausmans can prove no set of facts that could entitle them to relief. In their counterclaim, the Ausmans made numerous explicit allegations of undue influence and abuse of a confidential relationship concerning the transfers of Colonel Ausman's assets into Bettye Ausman's name and, consequently, into the trust, and in the modification of the disposition of the remaining trust principal. By alleging some of the "traditional bases" upon which Alabama courts may impose a constructive trust and by requesting the imposition of a constructive trust as a remedy for the alleged wrongdoing, the Ausmans have stated a claim upon which they could possibly prevail. Additionally, these allegations are sufficiently specific to place the Partains and Doss on notice of the claims that they will be expected to defend. The trial court erred in dismissing the Ausmans' constructive-trust counterclaim under Rule 12(b)(6).
Therefore, we reverse the trial court's order dismissing the constructive-trust counterclaim and remand this case to the trial court for proceedings in accordance with this opinion.
MOTION TO DISMISS DENIED; REVERSED AND REMANDED.
Moore, C.J., and See, Harwood, and Stuart, JJ., concur.
[1] Although the trial court may impose a constructive trust should it order an accounting, an accounting is only proper when it is incidental to other relief. See Boyett's, Inc. v. Gross, 276 Ala. 452, 163 So.2d 610
(1964); Opry South Land Investment Group, Ltd. v. Price, 679 So.2d 1083
(Ala.Civ.App. 1996). Furthermore, neither party has raised this issue below or on appeal; therefore, it is not before this Court.