On May 23, 2001, Smith Mountain, Inc., d/b/a Lake Martin Building Supply ("Smith"), sued Spencer Christy ("Christy") in the district court of Tallapoosa County, seeking $4,526.70 on an unpaid account for building materials. On June 8, 2001, Christy answered, denying the allegations set forth in the complaint. On September 21, 2001, the district court entered a default judgment[1], awarding Smith $5,895.54, the balance of the unpaid account plus accumulated interest, and an attorney fee of $1,179.11. That same day, *Page 1105 
Christy appealed that judgment to the Tallapoosa County Circuit Court (hereinafter "the trial court") for a trial de novo.
On April 5, 2002, the trial court held a hearing and received ore tenus evidence. On April 10, 2002, Smith filed a motion to increase the attorney-fee award and the amount of interest awarded. On May 29, 2002, the trial court awarded Smith $4,526.70 on the unpaid account, plus interest of $2,114.58, and an attorney fee of $2,181.04. Christy filed a postjudgment motion; that motion was denied by the trial court on July 15, 2002. Christy timely appealed.
At the April 5, 2002, hearing, William Farrington, the principal shareholder, testified on behalf of Smith; Christy testified on his own behalf. Farrington testified that Smith is a building-supply company and hardware store in the Lake Martin area. According to the record on appeal and the testimony of both parties, Christy signed a "credit application and charge account agreement" ("the credit application") with Smith on July 28, 1999. The credit application stated that interest on any overdue accounts would accrue at a rate of 1.5% per month; it also specified that in the event of a default in paying the account Christy would pay all costs of the debt collection, including a reasonable attorney fee and court costs.
At the hearing, Christy's counsel objected to the introduction into evidence of the credit application and the accompanying testimony about an attorney fee on the grounds that "[the credit application was] not in the pleadings." The trial court allowed the credit application to be admitted into evidence but stated that it would rule on the objection as to an attorney fee at an "appropriate time."
Farrington testified that after the credit application was approved in 1999, Christy began ordering building supplies and hardware items on his account in order to repair a lake house he had purchased. According to exhibits and Farrington's testimony, Christy consistently paid his account during 1999 and most of 2000. According to Smith's records, on September 20, 2000, Christy's account balance reached $0 for the last time. Smith's records indicate that Christy continued to make payments on his account after September 20, 2000, but that the balance varied from $1,339.20 to $6,734.35. Farrington testified that he allowed Christy's account to remain unpaid for five months and that he offered to extend Christy's payment period if Christy would assign a second mortgage on his lake house to Smith as collateral for the debt. Christy testified that he refused to sign the mortgage assignment. In either February or March 2001, Smith referred Christy's overdue account to a collection agency.
On March 3, 2001, Christy sent a letter to Smith acknowledging that he owed Smith $5,312.87 on his account. According to Farrington, after March 3, 2001, Christy made two additional payments of $786.17 and $100 on the account, leaving the balance owed on Christy's account at $4,426.70,[2] including interest, at the time of the trial in this matter. Smith alleged in its complaint that Christy's account balance was $4,526.70. However, Smith's exhibits and Farrington's testimony indicate that Christy's account balance was $4,426.70 at the time of trial. The trial court awarded Smith $4,526.70, on the unpaid account. Therefore, we reverse the trial court's judgment insofar as it awarded Smith $4,526.70, and we remand the case for the *Page 1106 
trial court to enter an award of $4,426.70 on the unpaid account.
In his brief on appeal, Christy acknowledges that he owes Smith $4,426.70, the amount due on his account at the time of the trial. However, Christy argues that Smith's complaint was insufficient to place the issues of interest and an attorney fee before the trial court. When the sufficiency of a complaint is at issue, this court will construe the complaint liberally in favor of the plaintiff. Radenhausen v. Doss,819 So.2d 616 (Ala. 2001). A complaint should be dismissed only if the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. Radenhausen v. Doss, supra.
 "While one purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce procedural technicalities, we cannot ignore the ultimate goal of pleadings to provide fair notice to the parties of the claim against them and of the grounds upon which it rests."
Bridewell v. Peoples Bank of Alabama, Inc., 501 So.2d 1244, 1247
(Ala.Civ.App. 1987), citing Simpson v. Jones, 460 So.2d 1282 (Ala. 1984). According to Rule 8(a), Ala.R.Civ.P., a claim for relief must contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." To comply with that rule, the claim for relief must give the opposing party fair notice of the pleader's claim and the grounds upon which that claim rests. Mitchell v. Mitchell,506 So.2d 1009 (Ala.Civ.App. 1987). For the purpose of actually stating the nature of the claim, "[a] fair reading and study of the Alabama Rules of Civil Procedure lead to the determination that pleading technicalities are now largely avoided and that the pleading of legal conclusions is not prohibited, as long as the requisite fair notice is provided thereby to the opponent." Mitchell, 506 So.2d at 1010.
Christy argues that the complaint did not provide notice that the credit application was a basis of the complaint; therefore, Christy argues, Smith's claims seeking an attorney fee and interest were not properly before the trial court. Smith's complaint contained three counts, each alleging that Christy owed Smith $4,526.70 on the unpaid account; each count, although stated in different terms, sought the same relief. The complaint stated that the parties "entered into an agreement in which the defendant agreed to pay plaintiff $4,526.70 for materials." Technically, the credit application provided that Christy would pay the amounts he charged on his account with Smith, but that credit application did not specifically mention the amount of $4,526.70. However, we conclude that the complaint did provide notice that Smith was suing on the credit application to recover the amount of money owed on Christy's account. See Mitchell, 506 So.2d at 1010. In addition, the credit application provided for the recovery of interest and an attorney fee in any action to collect on the account. Therefore, we hold that the complaint satisfied the requirements of Rule 8(a), Ala.R.Civ.P.
Additionally, each count set forth in the complaint contained the statement, "[w]herefore plaintiff demands judgment against the defendant in the sum of $4,526.70, attorney fees, interest, and costs." This plain statement sets forth the relief sought and satisfies the requirements of Rule 8(a), Ala.R.Civ.P.
Other than asserting that the award of an attorney fee was unreasonable, Christy makes no further argument. Because Christy has not properly challenged the reasonableness of the attorney-fee award, we affirm the trial court's award of $2,181.04 as an attorney fee. *Page 1107 
We also affirm the trial court's decision to award interest to Smith. On appeal, however, Christy challenges the trial court's calculation of interest. The credit application with Christy allows Smith to assess interest at a rate of 1.5% per month. This court is unable to ascertain how the trial court arrived at its award of interest, given the stated rate of 1.5% per month and an account balance of $4,426.70. Therefore, we must reverse the trial court's calculation of the interest award and remand the case to the trial court for a recalculation of the interest award in accordance with the terms of the credit application.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 Yates, P.J., and Crawley and Pittman, JJ., concur. Murdock, J., concurs in the result.
[1] Christy failed to appear before the district court at the scheduled hearing.
[2] The $100 payment was made after Smith filed its complaint in the district court seeking $4,526.70 as the balance of the unpaid account.