THOMPSON, Judge.
On April 18, 2002, John Brent Smith (“the husband”) sued Cynthia Dawn Smith (“the wife”) and SouthTrust Bank (“South-Trust”) alleging conversion, breach of contract, negligence, wantonness, and fraud. The husband alleged that SouthTrust had allowed the wife to remove funds from his home-equity line of credit without his authorization or knowledge. On May 21, 2002, the wife filed a motion to dismiss, alleging that the husband’s claims had been previously resolved by a settlement agreement incorporated into their November 2000 divorce judgment. SouthTrust joined the wife’s motion to dismiss and pleaded the affirmative defenses of res judicata, collateral estoppel, release, waiver, and accord and satisfaction. On October 4, 2002, the trial court entered the following notation on the case action summary: “Deft’s SouthTrust Bank, Inc. and [the wife’s] motion to dismiss is hereby granted.” The husband appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The trial court’s case action summary indicates that a “motion hearing” was set for October 4, 2002; however, the transcript from that hearing was not made a part of the record on appeal. The following facts are taken from the pleadings of the parties. From May 23, 1992, until December 14, 2000, the husband and the wife were married. It is undisputed that, during their divorce proceedings, the husband and the wife signed a settlement agreement that was incorporated into the Houston Circuit Court’s divorce judgment. The section of that judgment entitled “marital debts” stated:
“[The wife] shall pay that debt outstanding on the SouthTrust Visa card in her name, that debt to Army Aviation Federal Credit Union which was secured by the Certificate of Deposit in the name of [the husband], and $6,000 to [the husband] which was transferred from the parties’ accounts. [The wife] shall reimburse [the husband] for any payments he may be required to make on said loan or losses he may incur as a result thereof. [The husband] shall be granted a lien for said monies due and owing, at the time of payment, from [the wife] on those proceeds payable to her from her automobile accident on or about December 10,1999.”
In the present action, filed in the circuit court of Henry County, the husband alleges that, on June 22, 1999, while he was married to the wife, he entered into a contract with SouthTrust for a home-equity line of credit in the amount of $50,000. According to the husband, the wife was not a comaker, signatory, surety, or guarantor on that indebtedness and, therefore, he claims, she did not have any right to withdraw funds from the account. The husband alleged that the wife withdrew over $13,000 in four transactions over a period of four months during the marriage. The husband stated that the withdrawals were unauthorized and without his knowledge.
The husband sued SouthTrust alleging that the wife’s four withdrawals were a breach of the Uniform Commercial Code, *1223 Title 7, Ala.Code 1975 (“the UCC”). The husband alleged that, if SouthTrust had used good faith and ordinary care, the wife would not have been able to withdraw the money from an account over which she had no rights; the husband also alleged that SouthTrust was negligent and wanton in permitting the unauthorized withdrawals.
The wife’s motion to dismiss claimed that the debts the husband referred to in his complaint occurred while the parties were married and were addressed in the settlement agreement incorporated into the divorce judgment. The wife alleged that the debts she owed to the husband were to be payed from the proceeds of a separate legal action.[1] The wife also stated that any further litigation involving her debts to the husband should be brought in the Houston Circuit Court because it has jurisdiction over their divorce judgment. In support of her motion to dismiss, the wife attached a copy of the settlement agreement and the divorce judgment.
The husband filed a response to the wife’s motion to dismiss, stating that the mention of “disputed debts” in the settlement agreement “may or may not have included” the debts from the parties’ marriage. However, the husband alleged that the wife’s withdrawals from the “home equity line of credit account” were not mentioned in the settlement agreement. The husband also alleged that the $6,000 that was transferred from the parties’ accounts and was referred to in the settlement agreement was not the same debt as the $13,470.30 removed from the home-equity line of credit.
In his brief on appeal, the husband focuses primarily on his claims against SouthTrust. However, he does argue that the trial court erred in granting the wife’s motion to dismiss for failure to state a claim on which relief could be granted. His argument with regard to this issue on appeal, however, is a one-page recitation of the facts citing no case-law or statutory authority in support of his contention. It is not the function of this court to create legal arguments or perform legal research for an appellant. Carr v. Howard, 777 So.2d 738 (Ala.Civ.App.2000) (citing McLemore v. Fleming, 604 So.2d 353 (Ala.1992)). Therefore, we affirm the trial court’s granting of the wife’s motion to dismiss.
The husband asserts that the trial court also erred in granting SouthTrust’s motion to dismiss for failure to state a claim upon which relief could be granted. The applicable standard of review[2] for a Rule 12(b)(6), Ala. R. Civ. P., dismissal is set forth in Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993):
“On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala.1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala.Civ.App.1989). The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would enti- *1224 tie her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala.1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App.1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala.1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala.1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala.1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala.1986).”
(Emphasis added.)
According to Rule 8(a), Ala. R. Civ. P., a claim for relief must contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which the pleader deems himself entitled. To comply with that rule, the claim for relief must give the opposing party fair notice of the pleader’s claim and the grounds upon which that claim rests. Christy v. Smith Mountain, Inc., 855 So.2d 1103 (Ala.Civ.App.2003)(citing Mitchell v. Mitchell, 506 So.2d 1009 (Ala.Civ.App.1987)).
The husband sued SouthTrust alleging a breach of contractual duties found in the UCC. The husband also sued SouthTrust based on its alleged negligence and wantonness in allowing the wife to withdraw $13,470.30 from his home-equity line of credit without the proper authorization. Additionally, the husband demanded $13,470.30 plus interest that he claimed SouthTrust owed him.
We cannot say that the husband’s complaint as it relates to SouthTrust failed to state a claim upon which relief could be granted. While this court will not consider whether the husband will ultimately prevail, we find that he has stated a claim on which he might prevail. See Nance v. Matthews, supra (citing Fontenot v. Bramlett, 470 So.2d 669 (Ala.1985)). Viewing the evidence in the light most favorable to the husband, it appears that he has set forth facts that might entitle him to relief. See Nance v. Matthews, supra (citing Garrett v. Hadden, 495 So.2d 616 (Ala.1986)). Therefore, given the evidence in the record and the applicable standard of review, SouthTrust’s motion to dismiss for failure to state a claim is reversed, and the cause is remanded to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in part and dissents in part.

. According to her brief on appeal, the wife sued an unrelated party seeking damages from a “car accident”; that action was filed in the Houston Circuit Court, case number CV-103.

. SouthTrust contends that the summary-judgment standard of review applies to this appeal because, it argues, its motion to dismiss was converted to a Rule 56, Ala. R. Civ. P., motion for a summary judgment. See Rule 12(c), Ala. R. Civ. P. However, South-Trust did not submit the supporting evidence necessary to convert its motion to dismiss into a motion for a summary judgment.